**FORD MOTOR CO. (DELAWARE) et al. v. UNITED STATES.**

Nos. 45091, 45427.

Court of Claims.

Nov. 2, 1942.

J. Marvin Haynes and Robert H. Montgomery, both of Washington, D. C. (James O. Wynn, of New York City, and C. J. McGuire and W. C. Magathan, both of Washington, D. C., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The Ford Motor Company (Michigan) was on and prior to May 1, 1920, a wholly owned subsidiary of plaintiff, the Ford Motor Company (Delaware) which, also, was the parent corporation of a large number of other affiliated corporations during the taxable years 1921 to 1926 inclusive.

May 1, 1920 plaintiff, being the owner of 100 percent of the stock of the Michigan corporation, liquidated this wholly owned subsidiary by surrendering all of its capital stock (except 3 qualifying shares) in exchange for all of its assets. Under the pertinent statute and the applicable decisions, this liquidation by plaintiff of the subsidiary was a taxable transaction. In May 1939 the defendant, through a decision and determination of the Commissioner of Internal Revenue so determined, and on that basis another suit by plaintiff for 1920 for an alleged overpayment on other grounds was settled and dismissed on the understanding and stipulation in open court that plaintiff realized a liquidation profit from such liquidation not greater than $6,315,781.98 on which there was a deficiency tax (though barred) sufficient to offset the claimed overpayment (on other grounds) sued for in that case (No. 43806) in the amount of $3,879,039.98, plus interest collected of $485,182.18.

On May 1, 1920 the depreciable assets acquired by plaintiff from the Michigan corporation on liquidation had a stipulated fair market value of $40,387,694.43 in excess of the cost of such assets to the liquidated Michigan corporation.

In making consolidated tax returns for the years 1921 to 1926 inclusive on which

income and profits taxes of $117,213,605.24 were paid, plaintiff computed its deductions for depreciation on account of the assets acquired in liquidation May 1, 1920, on the amount then determined by plaintiff as the actual fair market value of such depreciable assets on May 1, 1920. It also used the same basis for 1920. When the Commissioner of Internal Revenue audited the returns for 1921 to 1926 here involved, he then declined to approve this basis for depreciation purposes and instead computed and allowed the depreciation deductions on the basis of cost of such assets to the liquidated Michigan corporation. This action, taken with respect to the taxable years during the period 1926 to 1931, resulted in additional taxes or deficiencies for the years 1921 to 1926 inclusive as finally determined, assessed, and collected in the total amount of $3,211,450.70, and interest also collected in the amount of $784,452.68, making a combined total of $3,995,903.38 (Finding 18). As a result of this action and on account of this additional tax and interest these suits were brought.

The action of the Commissioner in holding that plaintiff was required to use actual cost to the liquidated corporation instead of actual fair market value on acquisition of the assets was based on the erroneous conclusion that since the Michigan corporation was a wholly owned subsidiary the liquidation of that corporation and the acquisition by plaintiff of ownership of all of its assets in exchange for the surrender of its entire capital was an intercompany transaction and that because of this a different basis for the purpose of depreciation was not permissible.

Timely and proper refund claims were filed by plaintiff, all of which were rejected, after suits were instituted, in so far as they asserted the right to depreciation deductions on a basis other than cost to the liquidated corporation.

Upon the facts set forth in the findings the amounts of the overpayments for the years 1921 to 1926, if plaintiff is entitled to compute depreciation as claimed, are less than those claimed in the petitions because the defendant has allowed and paid certain items of the refund claims, other than as to depreciation, and because the amount of the depreciation deduction for each of the years involved on the basis of the stipulated actual fair market value of depreciable assets is less than the depreciation deductions claimed in the petitions on a higher alleged fair market value.

Section 202 of the Revenue Act of 1918, 40 Stat. 1057, which governs the transaction which occurred May 1, 1920, provided that when property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value. Under the rule announced and applied in Burnet v. Aluminum Goods Company, 287 U.S. 544, 53 S. Ct. 227, 77 L.Ed. 484, decided after the defendant determined and collected the additional taxes for the years here involved, the 1920 transaction in which plaintiff liquidated a subsidiary and acquired all of its assets in exchange for its stock was such a transaction as, under the law, gave rise to a taxable profit or a deductible loss. From this and from other provisions of the statutes and the regulations relating to deductions for depreciation, it follows that plaintiff is and was entitled to use as the basis for its deductions for depreciation for the years involved the actual fair market value of the depreciable assets acquired May 1, 1920. Compare, Heiner v. Tindle, 276 U.S. 582, 48 S.Ct. 326, 72 L.Ed. 714; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Hartley v. Commissioner, 295 U.S. 216, 55 S.Ct. 756, 79 L.Ed. 1399; Maguire v. Commissioner, 313 U.S. 1, 61 S.Ct. 789, 85 L.Ed. 1149; Helvering v. Gambrill, 313 U.S. 11, 61 S.Ct. 795, 85 L.Ed. 1155. Prior to that date plaintiff had no ownership interest in the properties of its subsidiary. Klein v. Board of Supervisors, 282 U.S. 19, 24, 51 S. Ct. 15, 75 L.Ed. 140, 73 A.L.R. 679. On and after that date, however, it owned them outright and then became entitled to depreciate them for tax purposes on the basis of their actual value, which value the law made the basis of the determination of profit or loss for tax purposes. Although affiliated, plaintiff and its subsidiaries were at all times separate taxpayers, Swift & Co. v. United States, 38 F.2d 365, 68 Ct.Cl. 97, 69 Ct. Cl. 171. There was nothing in the consolidated returns provisions of the 1918 Revenue Act (Section 240) which gave the parent corporation any ownership interest in the assets of a subsidiary, or for tax purposes, other than as to invested capital (a purely statutory concept), treated property acquired in liquidation in ex-

change for stock as having theretofore belonged to the stockholder. Section 331 of the Revenue Act of 1918 related only to the determination of "invested capital" for the purpose of the excess profits tax credit against net income after all allowable deductions for depreciation and other expenses permitted by other sections had been taken from gross income. It had no effect upon the determination of net income. Moreover, it ceased to have any effect when the excess profits tax was repealed by the Revenue Act of 1921, 42 Stat. 227.

There is no dispute between the parties as to the fair market value on May 1, 1920, being the proper basis for computation of the annual deductions for depreciation if the fact that the corporations were affiliated does not require that plaintiff use cost to the predecessor corporation as the basis.

The defendant cites no case or statutory provision, and we think there are none, which supports the decision of the Commissioner with respect to the depreciation basis used in determining and collecting the additional taxes and interest for 1921 to 1926. Burnet v. Aluminum Goods Co., supra, and all other decisions of the courts and the Board of Tax Appeals, oppose the position originally taken as to depreciation in these cases. Cerro De Pasco Copper Corporation v. United States, 13 F.Supp. 633, 82 Ct.Cl. 442; H. Lissner Co. v. United States, Ct.Cl., 52 F.2d 1058; Remington Rand, Inc., v. Commissioner, 2 Cir., 33 F.2d 77; Burnet v. Riggs National Bank, 4 Cir., 57 F.2d 980; American Printing Co. v. United States, D.C., 53 F.2d 98; Appeal of Munising Motor Co., 1 B.T.A. 286; Appeal of Walker-Crim Co., Inc., 1 B.T.A. 599; Rouse, Hempstone & Co., Inc., 7 B. T.A. 1018; Monarch Electric & Wire Co. v. Commissioner, 12 B.T.A. 158, affirmed, 7 Cir., 38 F.2d 417; Gould-Mersereau Co. v. Commissioner, 21 B.T.A. 1316, 1326.

■ In the determination of the additional taxes on account of which recovery is sought, the defendant seems to have placed some reliance upon Section 331 of the Revenue Act of 1918. But such reliance was clearly not justified. The first portion of that section so relied upon wholly related, as its positive language shows, to the matter of invested capital only. The decisions are uniform in holding that it has no application to the basis for deductions for depreciation. Monarch Electric & Wire Co. v. Commissioner, supra; Gould-Mersereau Co. v. Commissioner, supra; Rouse, Hempstone & Co., Inc., supra, and American Printing Co. v. United States, supra.

Plaintiff is entitled to recover such amounts for the years involved as represent overpayments not barred by limitation by reason of the failure of defendant to compute and allow deductions for depreciation on the actual fair market value of the depreciable assets. These deductions for the years 1921 to 1926, inclusive, should be computed upon the stipulated value (Finding 19) and judgments will be entered upon the filing by the parties of computations or a stipulation showing the overpayments due.

It is so ordered.