THE TEXAS-EMPIRE PIPE LINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5781. Promulgated January 23, 1948.

*B. H. Bartholow, Esq.,* for the petitioner.
*Allan T. Aiken, Esq.,* for the respondent.

142

144

146

**OPINION.**

KERN, *Judge*: Petitioner first contends that the issue presented by the instant proceeding was twice decided by this tribunal in decisions entered after hearings under Rule 50 in the proceeding entitled "The Texas-Empire Pipe Line Co. *v*. Commissioner of Internal Revenue," and bearing Docket No. 78604 of the United States Board of Tax Appeals, and, therefore, by reason of the doctrine of *res judicata*, we are foreclosed from reaching a contrary decision in the instant case. Since we agree with petitioner that this issue was in the former case for decision under Rule 50 proceedings therein, and since we are of the opinion that this issue was decided by our decisions entered in the former case from which no appeal was taken by respondent, we can decide the instant case under the rule of *res judicata*. See *John E. Zimmerman*, 36 B. T. A. 618; *Gilliam Manufacturing Co.*, 2 B. T. A. 272.

However, even if we are in error in considering this question *res judicata*, we would reach the same result if we were to decide the in-

stant case on its merits, without relying upon the principle of *res judicata*.

In view of the importance of the question, both to the taxpayer and to the fisc, and of the several times when the question has entered into the field of litigation, we think it proper that our opinion upon the question be stated explicitly rather than remain a matter of inference.

The substance of the question on the merits appears from a statement of the arguments of the parties. Respondent, in effect, contends that among the assets valued by us in the former proceeding were intangible "good will" or "going concern value"; that depreciation on these items is not an allowable deduction; and that the value of the depreciable tangible assets acquired by petitioner from its subsidiary was not more than $5,100,000 (the subsidiary's replacement cost less depreciation as of December 1, 1932). The petitioner, on the other hand, contends that there was no separate valuation of tangible and intangible assets and, even if there had been, the intangible assets would be depreciable.

In the former case, before the United States Board of Tax Appeals, we were called upon to value certain assets transferred to petitioner by its subsidiary upon the latter's liquidation. The balance sheet of the subsidiary showed no separate intangible asset such as good will carried thereon or transferred to petitioner. In the trial of the earlier case the respondent urged that the assets transfered by its subsidiary to petitioner had a going concern value and therefore should be valued at a figure in excess of the original cost or reproduction cost of the assets in question. We agreed with respondent's contention and valued the assets distributed to petitioner by its subsidiary at $11,100,000. *Texas-Empire Pipe Line Co.*, 42 B. T. A. 368. Our decision, in so far as it related to the valuation question, was reversed by the Circuit Court of Appeals for the Tenth Circuit in 127 Fed. (2d) 220, because in the opinion of the majority of that Court, we had relied solely upon the criterion of going concern value in determining the valuation of the assets transferred to petitioner and had ignored other criteria of value, such as reproduction cost. In conformity with the mandate of the Circuit Court, we again valued the assets transferred to petitioner, and in doing so we conscientiously considered and gave weight to the best of our ability to the various criteria of value mentioned in the majority opinion of that court. The figure thus reached by us in our supplemental findings of fact and opinion (set out above in our findings herein) was $9,000,000. Upon appeal, this decision was affirmed.

A recitation of the proceedings in the former case indicates that the lot of a trial court called upon to find fair market value is not a happy one. See, also, *Andrews* v. *Commissioner*, 135 Fed. (2d) 314.

It is apparent that the process of valuation calls for the use of vari-

ous criteria. To use one criterion to the exclusion of others, or to ascribe too much weight to one criterion may constitute reversible error.

The criterion of value which we used in our original opinion in the former case, and one of the criteria which we used in our supplemental opinion, was going concern value. But it must be emphasized that going concern value was a criterion or standard or guide in the process of valuation and was not a separate intangible asset of petitioner's subsidiary which was the object of the valuation. See *Columbia Gas & Fuel Co.* v. *Public Service Commission*, 292 U. S. 398, 411; *Watab Paper Co.*, 27 B. T. A. 488, 504. We did not fix a value for the physical tangible assets in a certain amount, and fix a value for an intangible asset in another amount, and then add the two together with a result of $11,100,000 or $9,000,000. We valued the assets transferred by the subsidiary to petitioner, consisting almost entirely of an item entitled "plant account" and not including any item separately representing good will. In reaching this value we used several criteria of value, including the criterion of going concern value, and were finally affirmed by the Circuit Court of Appeals at 141 Fed. (2d) 326.

The assets here involved were acquired by petitioner upon a taxable liquidation or exchange, and their fair market value as of the date of liquidation represents petitioner's cost as to these items, and consequently constitutes petitioner's basis for depreciation purposes. See *American Printing Co.*, 27 B. T. A. 1270. We have already found that a deduction on account of depreciation calculated at the rate of 5 per cent per annum is reasonable.

We reaffirm explicitly what in our opinion we have already decided by necessary implication, i. e., that the fair market value as of December 1, 1932, and consequently the cost and basis for depreciation to petitioner with regard to the depreciable assets acquired by petitioner from its subsidiary upon the latter's liquidation, was the sum of $8,913,377.20.

Upon the issue presented we decide in favor of petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN, *J.*, concurs only in the result.