## COMMISSIONER OF INTERNAL REVENUE v. TEXAS–EMPIRE PIPE LINE CO.

### No. 3810.

United States Court of Appeals
Tenth Circuit.

July 5, 1949.

Harry Marselli, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack and Melva M. Graney, Washington, D. C., on the brief), for petitioner.

Benjamin H. Bartholow, New York City, for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Abstractly stated, this appeal from the Tax Court involves the question whether a depreciation deduction is allowable under Section 23(*l*) (1) of the Internal Revenue Code, 26 U.S.C.A. § 23(*l*) (1), on an

amount representing the difference between the judicially determined fair market value of assets, and their depreciated cost on the books of the taxpayer. A preliminary, and we think decisive, question is whether a judgment of the Tax Court in a proceedings between the same parties involving taxpayer's liability for another taxable year, operates as an estoppel to a consideration of the question on its merits.

In its income tax return for the taxable year 1942, the taxpayer claimed the depreciation deduction, based upon the economic life of the property, acquired through a taxable liquidation of its wholly owned subsidiary in 1932. The Commissioner disallowed the claimed deduction on the ground that the value in excess of the replacement cost to the subsidiary represented intangible assets in the nature of good will, and was therefore not subject to depreciation as exhaustion, wear and tear, or absolescence under Section 23(*l*) (1). The Tax Court held that the question having been favorably adjudicated for the taxpayer in prior proceedings under identical facts, it was foreclosed here. In the alternative, and on the merits, the court was of the opinion that the claimed depreciation was allowable, entered judgment accordingly, and the Commissioner has appealed.

The facts are exhaustively treated in the opinion of the Tax Court, 10 T.C. 140. They are undisputed, and for the purposes of our question may be stated as follows:

As of December 1, 1932, the taxpayer liquidated its wholly owned subsidiary of the same name, which held title to the Illinois-Indiana segment of its interstate oil pipe line, from producing areas in Oklahoma and Texas, to refineries in Illinois and Indiana. In a proceedings to determine the taxable gain to the taxpayer from the acquisition of the subsidiary's assets through liquidation, the Tax Court held that the fair market value of the pipe line as a going concern was the proper basis for determining taxable gain to the taxpayer, and by projecting the subsidiary's earnings through its economic life of twenty years, arrived at a fair market value of $11,100,000. 42 B.T.A. 368.

In a proceedings to compute the tax liability under the Tax Court's Rule 50, 26 U.S.C.A. § 1111, the only difference in the submitted computations of the parties arose out of the refusal of the Commissioner to allow depreciation as claimed by the taxpayer on the judicially determined value of the properties in excess of the depreciated cost to the liquidated subsidiary. The Court accepted the taxpayer's computation and entered judgment accordingly.

The taxpayer alone appealed to this court, and no question was raised by the Commissioner concerning allowable depreciation. We reversed, holding that projected earnings alone was an improper basis for arriving at fair market value for income tax purposes, and remanded the case with directions to consider all available criteria, including going concern value. Texas-Empire Pipe Line Co. v. Commissioner, 10 Cir., 127 F.2d 220. On remand, the Tax Court revalued the property as a going concern pipe line at $9,000,000, less $86,622.80, cost of other assets than the pipe line system, or $8,913,377.20, and directed the parties to file suggested computations under Rule 50. Again the only difference between the submitted computations arose out of the refusal of the Commissioner to allow depreciation on that portion of the determined fair market value in excess of depreciated cost of $6,021,665.67, or replacement cost of $5,100,000. The taxpayer contended in effect that the fair cash market value of the liquidated assets, judicially determined for income tax purposes, represented the depreciable cost base to it, and it was therefore entitled to an additional deduction for depreciation on the liquidated value to the extent that it exceeded the depreciated cost of the assets to the liquidated subsidiary, i. e. see American Printing Co. v. Com'r, 27 B.T.A. 1270; Ford Motor Co. v. United States, 47 F. Supp. 259, 92 Ct.Cl. 370. Thus, $8,913,377.20 less $6,021,665.67 equals $2,891,711.53, the excess value on which depreciation was claimed, based upon the economic life of the pipe line.

In its brief to the court on this question, the Commissioner argued, as it does here,

that the question then presented was a "new issue" which could not be raised for the first time in a proceedings under Rule 50, and the Tax Court was therefore precluded from deciding the question. In the alternative, it contended that the excess value on which the claimed depreciation was based represented going concern or good will, on which no depreciation was allowable under the statutes and applicable regulations. But the Tax Court resolved the matter in favor of the taxpayer, and judgment was entered accordingly. The taxpayer again appealed on other points, but the Commissioner neither appealed nor raised the question of allowable depreciation. We affirmed the Tax Court's judgment, Texas-Empire Pipe Line Co. v. Commissioner, 10 Cir., 141 F.2d 326, and it became final.

In its income tax return for the taxable year 1942, the taxpayer again claimed a deduction for depreciation on the same excess value, based upon the economic life of the property. The Commissioner disallowed the claimed deduction and assessed a deficiency accordingly. On petition to the Tax Court, the parties reiterated their original contentions to the same judge, and the taxpayer pleaded res judicata and estoppel.

■ In holding that the question was foreclosed by its prior judgment involving income tax liability for another year, the court pointed out that this issue was presented in the former case for decision under Rule 50 proceedings; that it was decided adversely to the contentions of the Commissioner, and that no appeal having been taken, the court was "foreclosed from reaching a contrary decision in the instant case." We agree with the Tax Court that the question is foreclosed by its former judgment.

■ The same parties to different causes of action in different suits are "free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other pary, he cannot later renew that duel. In this sense, res judicata is usually and more accurately referred to as estoppel by judgment, or collateral estoppel." Commissioner v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed 898; see also Continental Oil Co. v. Jones, 10 Cir., 176 F.2d 519. Collateral estoppel is sparingly applied in tax cases involving liability for different taxable years, and operates to bar only those matters in the second suit which were actually presented and determined in the first suit, under identical facts, and then only when the controlling law remains unchanged and the facts are static. Commissioner v. Sunnen, supra; Gillespie v. Commissioner, 10 Cir., 151 F.2d 903. The controlling facts in this case have not changed in any respect, and our attention has not been called to any supervening case or cases rendering the law of the case erroneous.

But the Commissioner earnestly contends that the question presented here was not an issue in the former proceedings; that since the question arose under Rule 50, it was not properly determinable there, and the judgment of the Tax Court thereon cannot therefore operate to foreclose consideration in this proceedings, wherein it is squarely raised for the first time.

The Tax Court's Rule 50 prescribes the procedure for computing the amount of the deficiency or overpayment pursuant to the court's determination of the issues, and "no argument will be heard upon or consideration given to * * * new issues." But in the event of a disagreement concerning the computation, the Rule provides for a hearing upon the matter, after notice to the parties, and clearly contemplates a consideration of all matters relating to or bearing upon its ultimate judgment on the issues raised in the original proceedings. It is true that neither in the taxpayer's petition, nor in the hearing before the Tax Court, was any question raised concerning the proper basis for depreciation on the property received from the subsidiary, but the question was not timely until other tendered questions had been raised and decided.

When the Commissioner challenged the relevancy of the question before the Tax Court as a new issue under Rule 50, that court apparently had no difficulty deciding that the question was relevant to its ultimate decision under Rule 50, and it does not behoove this court to overturn that court's interpretation of the scope of its own procedural rule.

The Tax Court has now twice held that the question presented here was properly presented to it in the former proceedings, and we certainly should not presume to say that it was not. Aside from the great weight we must accord to the Tax Court's decision concerning matters peculiarly within its province and cognizance, we are convinced that the question of depreciation on the excess value of the assets was properly presented under Rule 50 proceedings, and that it was squarely decided under facts which make the judgment there controlling here. The judgment is therefore affirmed.