JEROME A. WILTSE AND LILLIAN M. WILTSE, PETITIONERS *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2448–64.  Filed January 22, 1969.

Jerome A. Wiltse, pro se.
*J. Earl Gardner*, for the respondent.

#### OPINION

MULRONEY, *Judge:* Respondent determined a deficiency in petition-ers' 1954 income tax in the amount of $1,425.69.

Petitioner, Jerome A. Wiltse, sold his one-third interest in a two-man partnership in November of 1953. The issue here is the correct tax on the money Wiltse received in 1954 from his 1953 sale of his partnership interest.

Jerome A. Wiltse, who will be referred to as petitioner, and his wife, Lillian, reside in Santa Monica, Calif. They filed their joint income tax return for 1954 with the district director of internal reve-nue at Los Angeles, Calif. In this return they reported the receipt of $32,824.75 from the sale of petitioner's "partnership interest in Butler Publications" and the return treated the entire sum as a long-term capital gain. Respondent's notice computes the deficiency using $16,-767.16 of the amount received in 1954 [1] as petitioner's share of the partnership accrued income and therefore ordinary income and the balance applicable to the transfer of the partnership interest to be capital gains. The computation also places the basis of petitioner's partnership interest at $10,765.94 as of December 31, 1953.

In the petition filed in this case petitioner alleges the figure $16,767.16 as his share of partnership income in respondent's computa-tion is in error and the correct figure should be $10,918.26. The petition

---

[1] There seems to be an unexplained $100 error in the deficiency computation. It recites petitioners received in 1954 the sum of $32,724.75 for the sale of the partnership interest while the return states petitioners received $32,824.75 in the year 1954 on the sale of the partnership interest.

alleges the figure $10,765.94 as the adjusted basis of petitioner's partnership interest as of December 31, 1953, was also wrong and actually the transfer of his partnership interest resulted in no capital gain and in fact resulted in a loss of $1,327.01.

In a prior action in this Court, that received docket No. 79769, the identical parties litigated the same controlling issues that are now being presented here. That case involved petitioner's tax for the years 1952 and 1953. We quote the following from our opinion in docket No. 79769 appearing in *Jerome A. Wiltse and Lillian M. Wiltse*, a Memorandum Opinion of this Court (filed Sept. 30, 1963) :

As of November 30, 1953, petitioner sold his interest in Butler Publications to Butler. In December 1953 and during 1954, petitioner received payments from Butler Publications in exchange for his partnership interest in the respective amounts of $4,275.25 and $32,724.75.

Petitioner's capital account showed a deficit balance of $13,542.18 as of January 1, 1952. In 1952 he withdraw $5,493.39. His distributive share of net income of the partnership was $28,508.74. In the period January 1 to November 30, 1953, he withdrew from capital account $34,532.66, and his distributive share of partnership net income was $29,281.82. His capital account as of November 30, 1953, was $4,222.33.

Petitioner's adjusted basis for his partnership interest as of November 30, 1953, is $15,041.19, and as of December 31, 1953, is $10,765.94.

Petitioner's distributive share of partnership earnings for January 1 to November 30, 1953, on an accrual basis is $46,048.98. His share of accrued earnings of the partnership as of November 30, 1953, is $16,767.16.

The issues which we are asked to decide are res judicata in that the same issues were present in a suit by the same parties before the same Court. The issue of petitioner's distributive share of the accrued earnings of the partnership in November of 1953 or the date of sale was fully litigated in the prior case and the specific finding was made that the amount was $16,767.16. The issue of the correct adjusted basis of petitioner's partnership interest was fully litigated in the prior case and the specific findings were made that the amount as of the date of sale, November 30, 1953, was $15,041.19 and the amount as of December 31, 1953, was $10,765.94. With these issues decided in the prior case, the amounts of ordinary income and capital gains income received in the year 1954 from the 1953 sale of the partnership interest require merely a mathematical computation such as was made by respondent in his determination of deficiency here.

Petitioner is collaterally estopped from relitigating the issues relating to his share of the amount of accrued partnership income and the correct basis of his partnership interest to be used in computing capital gain. Collateral estoppel or res judicata is the embodiment of a settled rule of law. It is a firmly established rule that every man be given his day in court but a due regard for our system of jurisprudence

means he shall be given but one. As Judge Matthes stated in *Schroeder* v. *171.74 Acres of Land, etc.*, 318 F. 2d 311, 314:

The doctrine [of res judicata] is but a manifestation of the recognition that endless litigation leads to chaos; that certainty in legal relations must be maintained; that after a party has had his day in court, justice, expediency, and the preservation of the public tranquility requires that the matter be at an end. * * *

Res judicata can be applied in cases involving income taxes in different taxable years. It must be applied with care in order to prevent repetitious lawsuits but not to defeat the firmly established policy of giving every litigant his day in court. In *Commissioner* v. *Sunnen*, 333 U.S. 591 (1948), the Supreme Court made these general statements with respect to res judicata and collateral estoppel:

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. * * *

* * * Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, *res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel. See Restatement of the Law of Judgments, §§ 68, 69, 70; Scott, "Collateral Estoppel by Judgment," 56 Harv. L. Rev. 1.

In this opinion the Supreme Court went on to warn that in tax cases collateral estoppel "must be used with its limitations carefully in mind so as to avoid injustice" and the Court went on to say:

It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. *Tait* v. *Western Md. R. Co.*, *supra.* [289 U.S. 620]

In the instant case it must be said that the issues raised are identical in every respect with those litigated in *Jerome A. Wiltse and Lillian M. Wiltse*, docket No. 79769. The legal rules governing consideration of the two issues have remained unchanged.

In *Commissioner* v. *Texas-Empire Pipe Line Co.*, 176 F. 2d 523 (C.A. 10, 1949), affirming 10 T.C. 140, there was involved the question of depreciation which had been the subject of litigation in a prior year. In holding the taxpayer was estopped from relitigating the issue, the court said:

Collateral estoppel is sparingly applied in tax cases involving liability for different taxable years, and operates to bar only those matters in the second suit which were actually presented and determined in the first suit, under identical facts, and then only when the controlling law remains unchanged and the facts are static. Commissioner v. Sunnen, supra; Gillespie v. Commissioner, 10 Cir., 151 F. 2d 903. The controlling facts in this case have not changed in any respect, and our attention has not been called to any supervening case or cases rendering the law of the case erroneous.

The controlling facts pertinent to the issues of accrued earnings at the time of sale and petitioner's basis have not changed since those issues were first presented and decided by this Court in the prior case. Petitioner is bound by the decision in the prior case. He is precluded from now asserting the accrued partnership earnings at the time of sale were other and different than the amount found in the prior case and precluded from now asserting his basis for capital gains computation was other and different than the amount found in the prior case. Since respondent used those amounts in his computation, his determination of deficiency is correct.

*Decision will be entered for the respondent.*