RONALD F. WEISZMANN AND DEBORAH C. WEISZMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weiszmann v. Commissioner
Docket No. 4491-70.
United States Tax Court
T.C. Memo 1972-242; 1972 Tax Ct. Memo LEXIS 16; 31 T.C.M. (CCH) 1201; T.C.M. (RIA) 72242; December 5, 1972, Filed *16 Petitioner, a graduate engineer, was employed as a part-time patent trainee from January 1, 1966, through May 8, 1966. Petitioner was employed as a part-time patent agent for the remainder of 1966. A requisite of both positions was that petitioner be actively engaged in securing a law degree. Petitioner has previously litigated the issue of the deductibility of his law school expenses for the taxable year 1965, during which time he was employed as a part-time patent trainee. See Weiszmann v. Commissioner, 443 F. 2d 29 (C.A. 9, 1971), affirming 52 T.C. 1106 (1969). Held, the doctrine of collateral estoppel is applicable to preclude petitioner from litigating the deductibility of his law school expenses for that portion of 1966 in which he worked as a parttime patent trainee. Held further, the law school expenses incurred by petitioner during the portion of 1966 in which he worked as a part-time patent agent are not deductible as ordinary and necessary business expenses under sec. 162(a), I.R.C. 1954. Ronald F. Weiszmann, pro se. Thomas M. Ingoldsby, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $359.23 in petitioners' Federal income tax for the taxable year 1966. The issues present for our consideration are: (1) Whether the doctrine of collateral estoppel is applicable to preclude petitioners from litigating the issue of the deductibility of petitioner Ronald F. Weiszmann's educational expenses incurred in attending law school during the taxable year 1966; and (2) assuming that the doctrine of collateral estoppel is only partially applicable, whether some of petitioner Ronald F. Weiszmann's educational expenses incurred in attending law school during the taxable year 1966 are deductible as an ordinary and necessary business expense under section 162(a), Internal Revenue Code of 1954. [1]
*18 FINDINGS OF FACT Some of the facts have been stipulated; the stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. The material facts in the instant case are substantially the same as those in Weiszmann v. Commissioner, 443 F. 2d 29 (C.A. 9, 1971), affirming per curiam 52 T.C. 1106 (1969), and the stipulation of facts and findings of fact in that case, except as modified and augmented by the stipulation of facts herein, are found to be the facts of the instant case. Petitioners, Ronald F. and Deborah C. Weiszmann, are husband and wife, who resided in Golden, Colorado, at the time the petition was filed in the instant case. They filed their 1966 joint Federal income tax return with the district director of internal revenue, Denver, Colorado. Petitioner Deborah C. Weiszmann is a party herein only by reason of having filed a joint return with her husband, Ronald F. Weiszmann, and the latter will hereinafter be referred to as petitioner. Petitioner graduated from the Colorado School of Mines as a refining engineer in June 1964. A refining engineer is substantially equivalent to a chemical engineer. Prior *19 to his graduation petitioner interviewed several firms concerning his employment upon graduation. Although he was offered several positions as a refining engineer, petitioner refused such offers and instead accepted employment as a patent trainee with Marathon Oil Co. (Marathon). Petitioner commenced employment with Marathon as a patent trainee in June 1964. His duties were to conduct literature searches in the field of chemistry, draft patent applications, and prepare amendments for patent applications for attorneys in Marathon's patent department. Petitioner accepted the job with Marathon with the awareness that he would be required to attend law school on a full-time basis while working for Marathon part time during most of the school year and full time during vacation periods. Petitioner enrolled in the Denver University law school in the fall quarter of 1964 and graduated with a juris doctor law degree at the end of the winter quarter of 1967. Petitioner was registered on May 9, 1966, as a patent agent with the United States Patent Office. Pursuant to his becoming a patent agent, petitioner functioned as a patent agent for Marathon's patent department during the remainder *20 of his employment with Marathon, i.e., from May 9, 1966, until March 1967. The duties of a patent trainee and a patent attorney (lawyer) [2] at Marathon differed both in the nature of tasks performed and in delegated responsibility. A patent trainee neither drafts contracts nor aids in the negotiation of licenses. A patent attorney, on the other hand, does perform the above-detailed functions. Moreover, whereas a patent trainee at Marathon works under fairly close supervision, a patent attorney works with very little supervision. Finally, a beginning patent attorney receives approximately $6,000 to $8,000 more compensation than a patent trainee. A patent attorney is also distinguishable from a patent agent. A patent agent is a person who has been admitted to practice before the United States Patent Office. Such admission to practice before the United States Patent Office requires proof of technical training and experience, and passage of a requisite *21 examination. A patent agent can represent clients in all matters before the United States Patent Office. Patent attorneys also have the authority to represent clients with respect to all matters before the United States Patent Office; however, patent attorneys also are additionally qualified to represent clients in legal matters outside the province of the United States Patent Office by virtue of their admission to practice law in one or more states or in the District of Columbia. A patent agent is by definition not an attorney at law; therefore, a patent agent is not qualified to represent clients in legal matters outside the province of the United States Patent Office. Petitioner never had any intention of continuing as a patent trainee or patent agent after completing his legal education. Both petitioner and Marathon understood that, upon petitioner's graduation from law school, he would either become a patent attorney with Marathon or would seek such employment elsewhere. Marathon has few openings for patent attorneys, so that most patent trainees could not expect to continue their employment with Marathon as a patent attorney after completing their legal education. Petitioner *22 considered applying to Marathon for a position as a patent attorney, but he did not do so; instead, upon his graduation from law school he found employment with Chevron Research Co. as a patent attorney. Petitioner's salary in 1966 was paid by Western Girl, Inc., from funds provided by Marathon. Marathon used this arrangement to avoid adding temporary help to its payroll. Petitioner is a member of the California and Colorado bars. He has also been admitted to practice before the United States Tax Court. Petitioner has never been permanently employed as a refining or chemical engineer. On their 1966 Federal income tax return petitioners claimed a deduction in the amount of $1,835.61 as an education expense under section 162(a) and the underlying regulations. Respondent disallowed this deduction. OPINION The question presented is whether petitioner, having litigated the issue of the deductibility of his law school expenses for the taxable year 1965, is precluded by collateral estoppel from receiving a decision on the merits with respect to this precise issue for the taxable year 1966. In Ronald F. Weiszmann, 52 T.C. 1106 (1969), this Court held that petitioner's *23 educational expenses incurred in attending law school during the taxable year 1965 were not deductible as ordinary and necessary business expenses under section 162(a) and the underlying regulations. [3] The United States Court of Appeals for the Ninth Circuit affirmed this decision on March 29, 1971. Weiszmann v. Commissioner, 443 F. 2d 29 (C.A. 9, 1971).
The guidelines for applying the doctrine of collateral estoppel in a tax case are contained in Commissioner v. Sunnen, 333 U.S. 591 (1948). The Supreme Court in Sunnen stated that collateral estoppel should be invoked only "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." [Emphasis added.] Commissioner v. Sunnen, supra at 599-600. In determining whether collateral estoppel is applicable in the instant case we must divide petitioner's taxable year 1966 into two components, i.e., the January 1, 1966, through May 8, 1966, component, and the May 9, 1966, through *24 December 31, 1966, component. May 9, 1966 is the dividing point in time since petitioner became a registered patent agent with the United States Patent Office on this date. With respect to the January 1, 1966, through May 8, 1966, component, petitioner still served in the capacity of patent trainee. Thus, the material facts relevant to the January 1, 1966, through May 8, 1966, component are precisely identical with those in Ronald F. Weiszmann, supra, with the exception of the difference in taxable years involved. The fact that the instant case involves a different tax year is not sufficient per se to prohibit the usage of collateral estoppel. See Commissioner v. Sunnen, supra at 598-601; and Jerome A. Wiltse, 51 T.C. 632, 634 (1969). Accordingly, since (1) the parties in the instant case are the same as those in Ronald F. Weiszmann, supra; (2) the material facts during the period from January 1, 1966, until May 8, 1966, are identical (except for the involved taxable year) with those in Ronald F. Weiszmann, supra; and (3) there has been no change in the applicable legal rules, [4] we hold that the doctrine of collateral *25 estoppel is applicable to preclude petitioner from litigating whether that portion of his law school expenses that are attributable to the January 1, 1966, through May 8, 1966, component are deductible under section 162(a) and the underlying regulations. See Sparks Nugget, Inc., v. Commissioner, 458 F. 2d 631, 639 (C.A. 9, 1972), affirming a Memorandum Opinion of this Court. With respect to the May 9, 1966, through December 31, 1966, component of petitioner's taxable year 1966, petitioner became a patent agent on May 9, 1966, and functioned in this capacity for the remainder of 1966. This change in material fact distinguishes the May 9, 1966, through December 31, 1966, component from both the January 1, 1966, through May 8, 1966, component and from *26 Ronald F. Weiszmann, supra.Since petitioner's capacity as a patent agent was not a material fact in Ronald F. Weiszmann, supra, we must re-examine petitioner's educational expense question to determine if petitioner's change in status on May 9, 1966, from patent trainee to patent agent affects the deductibility of his law school expenses incurred in 1966. Thus, the issue of whether petitioner's law school expenses attributable to the May 9, 1966, through December 31, 1966, component are deductible under section 162(a) and the underlying regulations is not barred from consideration on the merits by collateral estoppel. See Commissioner v. John Danz Charitable Trust, 284 F. 2d 726 (C.A. 9, 1960), affirming 32 T.C. 469 (1959). The regulations pertaining to educational expenses in effect during the taxable year 1966 were issued in 1958. In 1967 these regulations were revised, and respondent has ruled that for taxable years beginning before January 1, 1968, taxpayers may rely on either the old or the new regulations. See Rev. Rul. 68-191, 1968-1 C.B. 67. Moreover, this Court permits the taxpayer to rely alternatively on *27 the old and the new regulations. See Burke W. Bradley, Jr., supra at 219; and Ronald F. Weiszmann, supra at 1108. The 1958 educational expense regulations provide, in part, as follows: Sec. 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) under-taken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement *28 in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. This Court's reasoning with respect to the application of the 1958 regulations in Ronald F. Weiszmann, supra, is also pertinent in the instant case. Both petitioner and Marathon recognized that petitioner's employment in either the capacity of patent trainee or patent agent was only temporary. Once petitioner obtained his law degree he would either become a patent attorney with Marathon or he would seek such a position elsewhere. On these facts we cannot conclude that petitioner acquired a law degree simply to maintain or improve his job skills or his position as a patent trainee or patent agent. We hold that petitioner's primary purpose in attending *29 law school was to attain a new position by becoming a patent attorney. We recognize that petitioner was required by Marathon to attend law school; however, the mere existence of such a requirement does not establish petitioner's primary purpose for attending law school. See Ronald F. Weiszmann, supra at 1109. Accordingly, petitioner's educational expenses attributable to the May 9, 1966, through December 31, 1966, component are not deductible under the 1958 educational expense regulations. This conclusion of nondeductibility is also reached from a consideration of the 1967 educational expense regulations. These regulations provide, in part, as follows: Sec. 1.162-5 Expenses for education. (a) General Rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express *30 requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures-- (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or *31 other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * Petitioner contends in effect that he is engaged in the trade or business of a "patent professional." Petitioner further contends (1) that patent agents, patent lawyers and patent attorneys are patent professionals, and (2) that since patent *32 agents, patent lawyers and patent attorneys all perform a comparable functiobefore the United States Patent Office, a lateral shift from patent agent to patent attorney (or patent lawyer) should not constitute entrance into a new trade or business, and, therefore, that petitioner's expenses incurred in attending law school during the time he was a patentpatent agent should be deductible. We are not persuaded by petitioner's argument. Petitioner's legal education qualified him to become an attorney and not simply a patent attorney. Although petitioner may voluntarily limit his professional exposure to patent matters, we cannot ignore that petitioner's legal education contributed to his qualification as an attorney, and that as an attorney and as a member of the Colorado and California bars petitioner can represent clients in the entire spectrum of legal matters and not tust solely in patent matters. Therefore, we hold that petitioner's legal education qualified him for entrance into a new trade or business and that his legal educational expensesexpenses attributable to the May 9, 1966, through December 31, 1966, component are not deductible under the educational expense regulations *33 as revised in 1967. See Jeffry L. Weiler, 54 T.C. 398, 401-02 (1970), where this Court held in anis Court held in an analogous factual context that an internal revenue agent who characterized himself as a "federal income tax professional" could not deduct his law school expenses. Finally, petitioner contends (1) that obtaining a law degree does not per se qualify an individual to practice law in either Colorado or California and therefore does not qualify petitioner for a new trade or business; and (2) that the 1958 and 1967 educational expense regulations are invalid. These arguments were considered and rejected by this Court in Ronald F. Weiszmann, supra at 1111-1112. We adhere to this conclusion and accordingly also reject petitioner's latter two arguments. See also David N. Bodley, 56 T.C. 1357, 1361 (1971), in which this Court reaffirmed its position that the educational expense regulations constituted a valid exercise of rule-making power. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. We recognize that there is a technical distinction between a patent attorney and a patent lawyer. However, for the sake of convenience we will refer to a patent attorney (lawyer) in this opinion simply as a patent attorney.↩
3. See sec. 1.162-5(a), Income Tax Regs.↩, as issued in 1958 and as revised in 1967.
4. See David N. Bodley, 56 T.C. 1357 (1971); Jeffry L. Weiler, 54 T.C. 398 (1970); and Burke W. Bradley, Jr., 54 T.C. 216↩ (1970). In these cases the taxpayers' expenses incurred in attending law school were denied deductibility by this Court on the basis that they (i.e., the involved educational programs) qualified the respective taxpayers for entrance into a new trade or business.