Ronald F. **WEISZMANN** and Deborah C. Weiszmann, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Appellee.

No. 73–1162.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 15, 1973.

Decided Sept. 4, 1973.

Ronald F. Weiszmann, pro se.

William A. Whitledge, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Paul M. Ginsburg, Attys., Tax Div., Dept. of Justice, with him on the brief), for appellee.

Before HILL, BARNES *, and SETH, Circuit Judges.

SETH, Circuit Judge.

Ronald F. and Deborah C. Weiszmann seek review of a decision of the United States Tax Court, 31 T.C.M. 1201 (1972), holding that Ronald F. Weiszmann's expenses in obtaining a law degree could not be deducted as an ordinary and necessary business expense under section 162(a) of the Internal Revenue Code, 1954, and affirming the Commissioner's disallowance of the deduction and determination of a deficiency. Deborah C. Weiszmann is a party in this action solely by virtue of the fact that she filed a joint return with her husband, Ronald F. Weiszmann.

This is the Weiszmann's second journey to the Tax Court and their second appearance before a United States Court of Appeals following adverse decisions by the Tax Court relating to the deductibility, under section 162(a) of the Internal Revenue Code, 1954, and the pertinent regulations thereunder, of Weiszmann's legal education expenses.

Ronald F. Weiszmann graduated from the Colorado School of Mines with an engineering degree in 1964. Following his graduation, he began working for Marathon Oil Company as a "patent trainee." As a condition of this employment he was required to attend law school on a full-time basis. While working for Marathon, he was under the close supervision of patent attorneys and was engaged in various aspects of patent

* Senior Circuit Judge, of the Ninth Circuit, sitting by designation.

applications. It was understood that upon his graduation from law school, he would terminate his employment as a patent trainee and would either seek employment elsewhere or would accept a position with Marathon as a patent attorney.

Weiszmann was enrolled as a patent *agent* before the United States Patent Office on May 9, 1966, after successfully taking the requisite examination, and thereafter worked for Marathon's patent department as a patent agent until March 1967. He received his law degree sometime in the spring of 1967 and subsequently was admitted to the Colorado and California Bars. As a result he was able to qualify as a patent *attorney* before the United States Patent Office.

The distinction between a patent agent and a patent attorney is that a patent agent can represent clients in all matters before the Patent Office while a patent attorney, by reason of his or her admission to the Bar, in addition to matters before the Patent Office, may also represent clients in matters outside the patent field in the general practice of law.

Mr. Weiszmann deducted the cost of his legal education as an ordinary and necessary business expense from his income for the year 1965. Upon a determination of a deficiency based on the denial of this deduction for 1965, he petitioned the United States Tax Court for a redetermination. The Tax Court held that his legal education was not an ordinary and necessary business expense under section 162(a), Internal Revenue Code, 1954, and denied the deduction. 52 T.C. 1106 (1969). The United States Court of Appeals for the Ninth Circuit affirmed the Tax Court's decision. Weiszmann v. Comm'r, 443 F.2d 29 (9th Cir.). Undeterred, Weiszmann again, for the tax year 1966, deducted the cost of his legal education under section 162(a) from his income. Following a denial of this deduction by the Internal Revenue Service he again petitioned the Tax Court for a redetermination. It is

of another adverse decision by the Tax Court that Weiszmann now seeks review.

■ The Tax Court found that Weiszmann's status as a taxpayer changed in May 1966 when he became a registered patent agent before the United States Patent Office and therefore divided the tax year into two segments —that prior to the time he became a patent agent and that thereafter. This categorization is not challenged. We agree with the Tax Court that as to the first segment, that prior to May 1966, Weiszmann is precluded from relitigating the question of the deductibility of his law school expenses by virtue of the collateral estoppel effect of the Ninth Circuit's decision in Weiszmann v. Comm'r, 443 F.2d 29 (9th Cir.). Comm'r v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898 (1948); Jones v. United States, 466 F.2d 131 (10th Cir.). The same issue was presented to the Tax Court and the Ninth Circuit as to the deduction for 1965 as that presented to the Tax Court and this Court for the year 1966. It was ". . . raised and fully adjudicated under identical and inseparable relevant facts in a prior action between the same parties involving a different tax year." Jones v. United States, 466 F.2d at 133.

■ We also agree with the Tax Court that as to that portion of the tax year 1966 after which Weiszmann became a patent agent rather than merely a patent trainee with Marathon Oil Company, Weiszmann could not deduct the cost of his legal education as an ordinary and necessary business expense under section 162(a), Internal Revenue Code, 1954. We further find that the fact that Weiszmann's status changed from patent trainee to patent agent was not a change which materially altered his status as a taxpayer insofar as relates to the deductibility of his legal education expenses. Whether or not he was a patent trainee or a patent agent, he nevertheless had as his primary purpose in attending law school the object of becoming a patent attorney, Treas.

820

Reg. 1.162–5 (1958); 52 T.C. 1106 (1969), and his obtaining of a law degree clearly qualified him for a new trade or business, Treas. Reg. 1.162–5 (1967); 52 T.C. 1106 (1969). Therefore, the relevant facts in the two cases, pertaining to the two tax years, 1965 and 1966, essential to judgment were "actually litigated and determined in the first tax proceeding," and "the parties are bound by that determination in a subsequent proceeding . . ." Comm'r v. Sunnen, 333 U.S. 591, 68 S.Ct. 715 (1948). In sum, the relevant facts in the two proceedings are indistinguishable, the legal issues therein were identical, and the situation was not altered between the time of the first judgment and the second. Mr. Weiszmann is therefore collaterally estopped from relitigating this issue. Comm'r v. Sunnen, 333 U.S. 591, 600–601, 68 S.Ct. 715, 721 (1948).

The judgment of the Tax Court is affirmed.