THOMAS J. CANGELOSI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cangelosi v. Commissioner
Docket No. 5758-75.
United States Tax Court
T.C. Memo 1977-264; 1977 Tax Ct. Memo LEXIS 176; 36 T.C.M. (CCH) 1070; T.C.M. (RIA) 770264; August 11, 1977, Filed *176 Held, petitioner's educational expenses are not deductible because the education will lead to qualifying him for a new trade or business. Sec. 1.162-5(b)(3)(i), Income Tax Regs.
Thomas J. Cangelosi, pro se. Judith A. Knape, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $666.71 in petitioner's 1973 income tax. The sole issue is whether petitioner may deduct his educational expenses under section 162(a). [1]
*177 FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Thomas J. Cangelosi lived in Maple Shade, New Jersey, when he timely filed his 1973 income tax return and when he filed his petition in this case. Petitioner earned an associate of science degree in electronics in 1965. He was then employed by the Army for two years where he received computer programming training. Because of this training, petitioner, in 1967, was able to obtain employment as a computer programmer with Computer Sciences Corporation (hereinafter CSC). This position had no minimum education requirements. Although CSC did not require petitioner to obtain any further education, it indicated that job-related education would be helpful in maintaining his current position and would lead to his advancement. As a result, in 1970 petitioner enrolled as an evening student at Drexel University with the intention of obtaining a bachelor of science degree. Since there was no evening program in computer science, petitioner worked toward a degree in mathematics. The courses in that program were considered job-related by CSC. In 1973, petitioner incurred and deducted expenses for seven courses. *178 Respondent disallowed the deduction on the ground that it was a personal expense under section 262. OPINION In 1973, petitioner was a full-time employee pursuing an undergraduate degree in mathematics at his own cost. It is his contention that the education so obtained was job-related and as such maintained or improved the skills required in his present employment where he intends to remain. In addition, he contends that the education did not lead to qualifying him for a new trade or business. We cannot agree with petitioner's second contention. Section 162(a) and section 1.162-5, Income Tax Regs., allow a taxpayer to deduct ordinary and necessary expenses incurred for education if, among other things, the education will not lead to qualifying him for a new trade or business. Sec. 1.162-5(b)(3)(i), Income Tax Regs. Expenses for education which will lead to qualifying the taxpayer for a new trade or business are considered nondeductible personal expenses. Sec. 1.162-5(b)(1), Income Tax Regs. In this regard, respondent's determination carries a presumption of correctness and the taxpayer has the burden of proof to overcome this presumption. Welch v. Helvering,290 U.S. 111, 115 (1933); *179 Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner's current position as a computer programmer requires no minimum education. Whether a bachelor's degree in mathematics will qualify petitioner for a new trade or business is a question of fact. Grover v. Commissioner, 68 T.C. (July 26, 1977). Respondent has determined that it will. In the absence of any convincing evidence to the contrary, and on the record as a whole, we hold that this education would enable petitioner to engage in a new trade or business. See Weiszmann v. Commissioner,52 T.C. 1106, 1112 (1969), affd. 483 F. 2d 817 (10th Cir. 1973). In addition, the fact that petitioner does not intend to engage in a new trade or business is not relevant here. Burnstein v. Commissioner,66 T.C. 492, 495 (1976). Accordingly, we find petitioner's education expenses are not ordinary and necessary business expenses under section 162(a), but rather are nondeductible personal expenses. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩