**Owen L. LAMB and Nancy G. Lamb, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17, Docket 31071.**

United States Court of Appeals Second Circuit.

Argued Jan. 18, 1968.

Decided Jan. 18, 1968.

Owen L. Lamb, pro se.

Richard C. Pugh, First. Asst. Atty. Gen., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Howard M. Koff, Attys., Dept. of Justice, for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Petitioners seek to set aside a decision of the Tax Court of the United States upholding a determination which had been made by respondent that petitioners were liable for an income tax deficiency of $194.99 for the taxable year 1962.

The underlying issues presented to us by petitioners are set forth in the reported opinion of the Tax Court of August 2, 1966, 46 T.C. 539. And see our opinion of March 9, 1967 denying a motion to dismiss the petition, 374 F.2d 256 (2 Cir. 1967).

On December 5, 1966, pursuant to the Tax Court decision, petitioners paid the $194.99 and accrued interest of $42.28 to respondent.

In view of our March 9, 1967 order—according to the affidavit of counsel for respondent—and because of our opinion in Marlor v. CIR, 2 Cir., 251 F.2d 615 (1958), respondent concluded that an administrative refund should be made to petitioners entailing the refund of the December 5, 1966 payment plus legal interest. Thereupon, in April, 1967, in consideration for a dismissal of this petition for review the Government offered petitioners a U. S. Treasury check for $242.-56 "in full satisfaction of your 1962 overpayment of taxes which is in litigation in the Court of Appeals for the Second Circuit." This settlement offer was declined; the check was later handed to petitioners by a United States marshal and was deposited by them with the Clerk of our court. The respondent has filed a motion to dismiss taxpayers' petition for mootness, and also moves to have the case remanded to the Tax Court with directions to vacate its decision and to enter a new decision that there was no deficiency in petitioners' taxes for 1962 but an overpayment of $194.99. Petitioners oppose such a dismissal, because taxpayer Owen Lamb continued to attend law school in 1963 and a dismissal of the petition as to the 1962 liability would not protect taxpayers from suffering a deficiency assessment as to 1963, nor would it permit an assessment against the Commissioner for costs.

We are satisfied from the concessions made in court by the Government that Section 6511 of I.R.C.1954 bars any further proceedings against petitioners as to 1963 taxes.

The appeal is dismissed as moot. Under the circumstances we award costs to the petitioners.