RONALD F. WEISZMANN AND DEBORAH C. WEISZMANN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3500–67.   Filed September 30, 1969.

*Ronald F. Weiszmann*, pro se.
*Martin A. Schainbaum*, for the respondent.

---

[21] Cf. *Helvering* v. *Taylor*, 293 U.S. 507 (1935) ; *Burnet* v. *Houston*, 283 U.S. 223 (1931) ; *C. L. Nichols*, 43 T.C. 135 (1964).

**OPINION**

The issue presented is whether the petitioner's educational expense may be deducted as a business expense under section 162(a) of the Internal Revenue Code of 1954 [1] and the regulations thereunder.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

The regulations relating to educational expenses in effect during the taxable year 1965 were issued in 1958. In 1967, revised regulations were issued, and the respondent has since ruled that taxpayers may, with respect to taxable years beginning before January 1, 1968, rely on either the old or the new regulations. Rev. Rul. 68–191, 1968–1 C.B. 67. The petitioners contend that the deduction is allowable under either the old or the new regulations or under a combination of the two. Since we do not read Rev. Rul. 68–191 as requiring the petitioners to elect the old or the new regulations, we will consider their arguments under both. However, we reject the suggestion that the petitioners can rely upon a combination of the regulations. The new regulations were issued as an alternative to the old regulations, and it would be quite unreasonable to attempt to combine them.

The 1958 regulations provide in part:

Sec. 1.162–5  Expenses for education.

(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.

\*        \*        \*        \*        \*        \*        \*

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.

In *Owen L. Lamb*, 46 T.C. 539 (1966), appeal dismissed 390 F. 2d 157 (C.A. 2, 1968), we were faced with a situation similar to the one now before us, except that only the 1958 regulations were involved. In *Lamb*, the taxpayer, who had previously been employed by IBM as an electrical engineer, secured a position as a patent trainee with IBM. In order to continue his participation in the program, the taxpayer had to maintain a requisite showing of progress toward a law degree. We held that the taxpayer's education was not undertaken for

the primary purpose of maintaining his position, but rather to attain a new position. The same conclusion is applicable in this case. See *Sandt* v. *Commissioner*, 303 F. 2d 111 (C.A. 3, 1962).

Both the petitioner and Marathon recognized that the position of patent trainee was a temporary one. Once the trainee obtained his law degree, he would either be promoted to the position of patent attorney with Marathon or, more likely, would leave Marathon to find such a position elsewhere. On these facts, it is impossible to conclude that the petitioner expended a great deal of time and money to obtain a law degree simply for the purpose of either maintaining his job skills or his position as a patent trainee. It seems evident to us that his primary purpose was to improve his position by becoming a patent attorney, which would yield great benefits both monetary and otherwise. It is, of course, true that to hold his position as a patent trainee the petitioner had to continue his legal education; but the existence of such a requirement is not enough to qualify educational expenses for deduction. The test is what was his primary purpose, and from the facts of this case, it is demonstrable that the petitioner's primary purpose for undertaking a legal education did not lie in his desire to continue working for Marathon as a patent trainee. Accordingly, the educational expense deduction claimed by the petitioners is not allowed by the 1958 regulations.

Nor are the petitioner's educational expenses deductible under the 1967 regulations. Such regulations provide in part:

Sec. 1.162–5 Expenses for education.

(a) *General Rule.* Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

(b) *Nondeductible educational expenditures*—(1) *In general.* Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations.

(2) *Minimum educational requirements.* (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in

order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. The fact that an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in that employment. \* \* \*

\*      .    \*       \*       \*       \*       \*       \*

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. \* \* \*

The petitioners argue that as a patent trainee, the petitioner was engaged in a trade or business for which he had completed the minimum educational requirements, and that his law school education was not part of a course of study leading to his qualification in a new trade or business. In support of this argument, they contend that the petitioner, during the year in issue, was employed as a patent professional, and that such trade or business did not require membership in any bar nor have as a minimum educational requirement any law school training.

We need not pass on whether the petitioner's law school education was a minimum educational requirement of his trade or business, because it is clear to us that under the regulations the deduction must be disallowed as representing expenses for education which was part of a program of study leading to the petitioner's qualification in a new trade or business. The trade or business of attorney is sufficiently different from that of patent trainee to constitute a new trade or business. Although a patent trainee does perform some of the same tasks as a patent attorney, the trainee works under close supervision, whereas the attorney has broad responsibilities. Additionally, the attorney performs tasks not performed by the trainee. These differences in duties and responsibilities are reflected in the fact that a patent attorney receives substantially greater compensation for his services than a trainee. Moreover, by completing his legal education, the petitioner was enabled to take and pass bar examinations in Colorado and California, and he has been admitted to practice in Colorado, and apparently in California. Thus, not only did the legal education allow him to become a patent attorney, but it also made it possible for him to engage in the general practice of law, a trade or business which is clearly a new trade or business for a patent trainee.

The petitioners argue that obtaining a law degree does not alone qualify an individual to practice law in either Colorado or California and therefore does not qualify the petitioner for a new trade or business. We agree that obtaining a law degree does not ordinarily, by itself, qualify an individual for a new trade or business. However, the regulations prohibit deduction of educational expenses when the education "is part of a program of study * * * which will lead to" qualification in a new trade or business. The petitioner's law school education was part of a course of study which led in fact to his qualification as a lawyer. Accordingly, we need not deal with the situation of an individual who attended law school without intending to qualify as a lawyer.

Next, the petitioners argue that even though the petitioner is qualified to practice law, he has not done so and therefore his qualification in a new trade or business cannot justify disallowing a deduction for his educational expenses. There are two answers to this contention: First, the regulations do not predicate disallowance of the deduction on the actual practice of the new trade or business. Second, the petitioner did secure a position with Chevron Research Co. as a patent attorney.

Finally, the petitioners argue that if the educational expenses are not deductible under either the old or the new regulations, such regulations are invalid. Regulations, which constitute an interpretation of revenue statutes by the agency charged with enforcing them, are not lightly overturned, and they must be sustained unless they are inconsistent with statutory law or are unreasonable. *Commissioner* v. *South Texas Co.*, 333 U.S. 496, 501 (1948).

Neither the old nor the new regulations are inconsistent with statutory law. The regulations were promulgated under section 162, which provides for the deduction of ordinary and necessary expenses of a trade or business. Section 262 denies deductions for personal expenses, and section 263, for capital expenditures, and these prohibitions must be borne in mind in determining what educational expenses are deductible. The regulations attempt to distinguish between those educational expenses which are "ordinary and necessary" expenses of a trade or business and those which are personal or capital expenditures, and at least as applied to the facts of this case, they are consistent with the law and not arbitrary.

By attending law school, the petitioner acquired a legal education, which will be of inestimable personal value to him. Cf. *James A. Carroll*, 51 T.C. 213 (1968), on appeal (C.A. 7, Jan. 29, 1969) ; *Ronald D. Kroll*, 49 T. C. 557 (1968). It may also bring substantial financial rewards, which will be realized over his professional career. Without

doubt, the expenses of acquiring a legal education were not the ordinary and necessary expenses of a patent trainee, a temporary, part-time position. Cf. *Welch* v. *Helvering*, 290 U.S. 111 (1933). The expenses of such an education were clearly not incurred merely to maintain such a temporary, part-time position. Rather, they were incurred to acquire a legal education that would enable the petitioner to become an attorney. Whether such education is viewed as undertaken for the primary purpose of improving his position, as meeting the minimum educational requirements of his profession, or as enabling him to engage in a new trade or business, they enabled him to complete one of the major steps toward becoming an attorney; he has since completed the other requirements and now holds a position that would have been unavailable to him if he had not acquired his legal education. On the facts of this case, the regulations reach an altogether reasonable result.

The petitioners also suggest that the regulations are invalid because they favor teachers. However, we do not have before us sufficient information to determine whether the regulations allow deductions to teachers that would be denied to other taxpayers in analogous circumstances. The petitioners question the provision treating a teacher and a principal as being in the same trade or business, but since we have no evidence as to the duties of a teacher and a principal we think it would be inadvisable for us to pass upon the reasonableness of that provision. Under these circumstances, the only appropriate question for us to consider is whether the regulations are reasonable as applied to the petitioners before us, and we have found them to meet that test.

In order to reflect the agreement of the parties as to other items in the notice of deficiency,

*Decision will be entered under Rule 50.*