WAYNE L. WENTWORTH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wentworth v. Commissioner
Docket No. 7624-71.
United States Tax Court
T.C. Memo 1974-28; 1974 Tax Ct. Memo LEXIS 295; 33 T.C.M. (CCH) 128; T.C.M. (RIA) 74028; January 30, 1974, Filed. Wayne L. Wentworth, pro se.
Daniel J. Westerbeck, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION
IRWIN, Judge: Respondent determined a deficiency of $405 in the income tax of petitioner for the taxable year 1969. The sole issue for our determination is whether petitioner's education expenditures during 1969 were deductible as an ordinary and necessary business expense under section 162. [1] 2 FINDINGS OF FACT
Some of the facts have been stipulated and are W00746500131772found accordingly.
Petitioner Wayne L. Wentworth is an individual residing in Ionia, Mich. at the time of the filing of his petition *296 with this Court. For the taxable year 1969 petitioner timely filed an individual income tax return with the Internal Revenue Service Center, Covington, Ky.
In April 1967 petitioner, in an effort to further his education and at the same time to obtain employment, applied for admittance to the Student Highway Technician Program, a work-study program developed by the Michigan Department of State Highways (hereinafter referred to as the Highway Department) in conjunction with several colleges. The purpose of the Student Highway Technician Program (hereinafter referred to as the program) is to provide the Highway Department with trained technicians to complement the technical ranks of the department.
To qualify for the program an applicant must first take a civil service college qualification examination. Those applicants passing the examination would then be interviewed. A successful applicant who still desired to participate in the program would then be assigned a position in one of the following four divisions: construction, design, testing and 3 research, or traffic. The participants would alternate working for the Highway Department and attending school, usually in six-month *297 intervals.
As an employee of the Highway Department, the successful applicant would begin his employment as a Student Highway Technician, grade 03. Grade 03 is the Michigan Civil Service classification for entry level employees of the Highway Department, and to qualify at such level an individual need only graduate from high school. As a Student Highway Technician, grade 03, the participant would perform work similar to that done by other grade 03 employees. After serving one year in grade 03, (including the period spent in school), the participant would be eligible for promotion to grade 05.
The educational aspects of the program are provided by several colleges including Lansing Community College. Lansing Community College offers a variety of engineering and technology programs which lead to an associate's degree after two years of study. The civil technology program is comprised of two divisions: one for regular full-time students and one for the Student Highway Technicians. Students in both divisions take the same courses and the programs are in all respects parallel.
The Highway Department does not pay any of the participant's educational expenses but does allow some to *298 work part-time during 4 the school terms. One of the conditions of employment in the program is that the participants in fact attend school and enroll in courses related to the field of civil technology. The Student Highway Technicians are not required to remain with the Highway Department upon obtaining their associate's degree, but the Highway Department does guarantee a position to every participant who is granted a degree.
Petitioner was a successful applicant to the program and was hired by the Highway Department as a Student Highway Technician, grade 03, in June 1967. On June 23, 1968, petitioner was promoted to Student Highway Technician, grade 05.
During the years 1967, 1968, 1969 and 1970, petitioner was employed by the Highway Department and attended Lansing Community College as a student in the technology program according to the following schedule: June 1967 - December 1967
full-time employment as Student Highway Technician, grade 03.
January 1968 - June 1968
full-time student at Lansing Community College
June 1968 - December 1968
full-time employment as Student Highway Technician, grade 05
January 1969 - June 1969
full-time student at Lansing Community College; part-time employment with Highway Department
June 1969 - September 1969
full-time employment as Student Highway Technician, grade 05.
September 1969 - March 1970
full-time student at Lansing Community College
*299 5 While attending Lansing Community College petitioner enrolled in courses covering civil technology, as well as courses, such as English and history, which were mandatory for the degree. All courses except the general courses required for the degree were job related. Petitioner graduated from Lansing Community College on March 24, 1970, with an Associate Degree in Science.
The Highway Department promoted petitioner to a position of Highway Traffic Technician, grade 07, on March 29, 1970. At this time, he had been employed at grade 05 for approximately one year and nine months (June 23, 1968 through March 28, 1970).
To be eligible for promotion to Highway Traffic Technician, grade 07, it was necessary to have either (1) an associate's degree in social science and civil technology or (2) junior status in a college of engineering and six months' work experience in the traffic division. There were similar minimum requirements for the position of Highway Research Technician. The only exception to these requirements for the grade 07 Highway Traffic Technician position was a "grandfather" clause, not relevant here.
During 1969 petitioner resided in Ionia, Mich., a town approximately *300 42 miles from Lansing, Mich. Petitioner deducted $658 tuition expense and $1,542 transportation expense as "unreimbursed educational expenses" for the 1969 6 taxable year. Respondent disallowed the deduction in full.
OPINION
Section 162(a) provides that a taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 1.162-5, Income Tax Regs., provides that expenditures made by an individual for education are deductible if (1) the education maintains or improves the skills required by the individual in his employment or (2) meets the express requirements of the individual's employer imposed as a condition to the retention by the individual of such employment. However, educational expenses are not deductible if the education enables the individual (1) to meet the minimum educational requirements of his position or (2) if it leads to qualifying the individual in a new trade or business.
Petitioner contends that he had met the minimum education requirements for his classification before he was hired, that being graduation from high school; that his attendance at Lansing Community College was *301 required by his employer for a bona fide business purpose; and that the education maintained or improved his skills. With respect to his promotion to Highway Traffic Technician, grade 07, petitioner contends that the promotion was due not to his obtaining the associate's degree, but rather because he had the necessary time in grade for the promotion. 7 Respondent, on the other hand, contends that petitioner obtained his associate's degree in order to meet the minimum educational requirements for qualification as Highway Traffic Technician, grade 07; that in obtaining the degree petitioner qualified for a new trade or business; and that petitioner's enrollment at Lansing Community College, while a requirement of the program, was not a requirement for employment with the Highway Department.
We are of the opinion that the expenses were properly disallowed because the educational expenses enabled petitioner to meet the minimum education requirements for his promotion to Highway Traffic Technician, grade 07. See section 1.162-5(b), Income Tax Regs.
The regulations attempt to distinguish between those educational expenses which are "ordinary and necessary" expenses of a trade or *302 business and those which are personal and capital expenditures. This distinction is the basis for the minimum education requirements prohibition contained in section 1.162-5(b) (2) (i), Income Tax Regs. The regulations recognize that expenses for education which qualify an individual for his intended position are so inherently personal and/or capital in nature that they can not be a deductible expense even though the education maintains or improves the skills required by the individual in his employment and even though it meets the express requirements of the individual's 8 employer. Thus such expenses are nondeductible even though there exists a legitimate business purpose for incurring such expenses. Arthur M. Jungreis, 55 T.C. 581, 591 (1970). These regulations have previously been found valid. Ronald F. Weiszmann, 52 T.C. 1106 (1969), affd. per curiam, 443 F.2d 29 (C.A. 9, 1971).
Petitioner has attempted to demonstrate that his promotion was due to his time in service and not due to the degree. In attempting to prove this, petitioner submitted collateral evidence that suggested that two years' experience as a Student Highway Technician, *303 grade 05, would qualify him for grade 07. [2] Even assuming this true, the record indicates that petitioner was at grade 05 for less than two years at the time of his promotion. In addition Orville G. Emery, assistant personnel director for the Highway Department, testified that the minimum requirements for Highway Traffic Technician, grade 07, were either (1) an associate's degree 9 or (2) junior status at a college of engineering and six months of work experience in the division. This testimony was not rebutted. We find that the record clearly demonstrates that petitioner's promotion to Highway Traffic Technician, grade 07, was due to his obtaining the associate's degree. The record indicates that without the degree, petitioner, at the time of his promotion, would not have met the minimum requirements for the position of Highway Traffic Technician, grade 07. Therefore, the educational expenditures are nondeductible. Section 1.162-5(b) (2) (i), Income Tax Regs.
*304 Since we find that the deduction of the educational expenditures was properly disallowed because the expenditures enabled petitioner to meet the minimum educational requirements for his position as Highway Traffic Technician grade 07, we need not consider respondent's other contentions.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Petitioner presented evidence that stated that the minimum requirements for a Highway Laboratory Technician, grade 07, were graduation from high school and either (1) two years' experience as a Highway Laboratory Aide, grade 05; (2) possession of an Associate of Science degree in civil engineering and six-months of sub-professional engineering experience at the 05 level in the highway laboratory; or (3) status as a junior in a college of engineering and one year of experience as a Highway Laboratory Aide, grade 05. Petitioner did not present evidence concerning the minimum requirements for the position of Highway Traffic Technician, grade 07, and no explanation was offered as to why this evidence was not presented. We must assume that petitioner intended to lead us to believe that the requirements for both positions are similar.↩