GARY and VICTORIA ANTZOULATOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Antzoulatos v. Commissioner
Docket No. 2958-74
United States Tax Court
T.C. Memo 1975-327; 1975 Tax Ct. Memo LEXIS 47; 34 T.C.M. (CCH) 1426; T.C.M. (RIA) 750327; November 5, 1975, Filed Gary Antzoulatos, pro se. Clifford C. Larson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The respondent determined a deficiency in petitioners' federal income tax for the calendar year 1972 in the amount of $589.26. The deficiency is based solely upon the disallowance by respondent of a deduction for educational expenses incurred by petitioner, Gary Antzoulatos, to qualify as a registered pharmacist. We must decide the correctness of respondent's determination. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibit attached thereto, are incorporated herein by this reference. Petitioners Gary Antzoulatos (hereinafter *48 petitioner) and Victoria Antzoulatos are husband and wife. They were residents of Van Nuys, California at the time they filed their petition herein. Petitioners filed a timely 1972 joint federal income tax return with the district director of internal revenue, Los Angeles, California. Under California state law, to practice as an intern pharmacist one must meet certain minimum educational requirements and must possess a valid intern card issued by the California State Board of Pharmacy. Once an intern card has been issued, a prerequisite to its continued validity is the holder's registration at an accredited college of pharmacy. Petitioner was issued an intern card and in 1971 began his tenure as an intern pharmacist in a hospital, a position he retained during 1972. In this capacity his primary duties were to fill and compound prescriptions, and to consult with doctors. However, as required by Cal. Bus. & Prof. Code sec. 4097 (West 1974), his performance thereof was supervised by a registered pharmacist. That section reads: SEC. 4097. Performance of duties by intern pharmacist; regulations; supervision An intern pharmacist may perform such activities pertaining to the *49 practice of pharmacy as the board may determine by regulation. Whenever in this chapter the performance of an act is restricted to a registered pharmacist, such act may be performed by an intern pharmacist under the supervision of a registered pharmacist. An intern pharmacist may perform such activities pertaining to the practice of pharmacy as the board may determine provided that at the time of performing such acts he was under the immediate, direct and personal supervision of a registered pharmacist, and provided further, that such registered pharmacist shall not supervise more than one intern pharmacist at any one time. Under California state law, in effect for 1972, to qualify for the issuance of a certificate as a registered pharmacist one must fulfill among other conditions the following: (1) graduation from a college of pharmacy, and (2) completion of 1 year of practical experience in a pharmacy. [1] Generally, the tasks performed by a registered pharmacist are similar to those performed by an intern pharmacist. However, a registered pharmacist may perform such tasks without supervision and possesses a far greater scope of authority than does an intern pharmacist. *50 During 1972, while employed as an intern pharmacist, petitioner was enrolled in the School of Pharmacy of the University of Southern California. In connection with these studies, which enabled him ultimately to qualify as a registered pharmacist, petitioner incurred the following educational expenses: Tuition
$2,600
Parking
38
Books
200
Mileage
570
$3,408 Petitioners claimed, and respondent disallowed, a deduction for these expenses on their 1972 income tax return. The deductibility of these expenses is the only issue before us. OPINION Section 162(a), I.R.C. 1954, [2] provides for the deduction of the ordinary and necessary expenses incurred in carrying on a trade or business. While the Code nowhere deals directly with educational expenditures, the deductibility of such expenditures is provided for in section 1.162-5, Income Tax Regs., as amended by T.D. 6918, 1967-1 C.B. 36. This regulation, in pertinent part, states: (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b) (2) or (3) of this *51 section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures-- (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph *52 (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. [3] * * * Petitioner contends that his pharmaceutical education improved his skills germane to his employment as an intern pharmacist. He argues further, citing somewhat inexplicably as authority our decision in William D. Glenn,62 T.C. 270 (1974), *53 that intern and registered pharmacists are engaged in the same trade or business. He concludes, therefore, that his studies at the University of Southern California did not qualify him to pursue a new trade or business and that the expenses incurred in connection therewith are deductible under the aforenoted regulation. Respondent takes the position that these educational expenses were incurred to qualify and prepare petitioner in a new trade or business, that of a registered pharmacist. In support thereof, he points to the wide disparity between the scope of authority possessed by intern and registered pharmacists under California law. He also urges that petitioner's employment as an intern pharmacist, rather than constituting a trade or business within the meaning of section 162(a) represented a temporary position designed to provide petitioner with the practical experience necessary to become a registered pharmacist under California law. We think it obvious that petitioner's education improved his pharmaceutical skills. However, if his course of study was such as to lead to his qualification in a new trade or business, any expenses incurred in connection therewith are nondeductible *54 personal and capital expenditures notwithstanding this fact. Jeffry Weiler,54 T.C. 398 (1970). Consequently, since petitioner's education led to his qualification as a registered pharmacist, we must decide whether or not the trade or business of a registered pharmacist is separate and distinct from that of an intern pharmacist. Relevant to such inquiry is the case of William D.Glenn,supra. In Glenn, the taxpayer, a licensed public accountant, incurred educational expenditures in preparation for the examination required to be taken by candidates for a certified public accountant's license. In holding these expenses to be nondeductible expenditures which qualified the taxpayer in a new trade or business, we stated: We have not found a substantial case law suggesting criteria for determining when the acquisition of new titles or abilities constitutes the entry into a new trade or business for purposes of section 1.162-5(c)(1), Income Tax Regs. What has been suggested, and we uphold such suggestion as the only commonsense approach to a classification, is that a comparison be made between the types of tasks and activities which the taxpayer *55 was qualified to perform before the acquisition of a particular title or degree, and those which he is qualified to perform afterwards, Ronald F. Weiszmann,52 T.C. 1106, 1110 (1969), affd. 443 F. 2d 29 (C.A. 9, 1971). Where we have found such activities and abilities to be significantly different, we have disallowed an educational expense deduction, based on our finding that there had been qualification for a new trade or business. Ronald F. Weiszmann,supra.
In the instant case, we find that the differences in potential scope of practice between a public accountant and a C.P.A. in Tennessee are significant, and that petitioner's expenses were incurred in attempting to qualify for a new trade or business. Hence, we hold that the expenses described above are nondeductible. [William D. Glenn,62 T.C. 270, 275 (1974)]
After carefully considering the evidence in light of the principles set forth in Glenn, we conclude that the trades or businesses of intern and registered pharmacists are significantly different, and that by fulfilling the statutory requirements to practice the latter petitioner has qualified *56 in a new trade or business. We note that petitioner himself testified that there existed a wide chasm between the authority and scope of practice of registered and intern pharmacists which petitioner could bridge only by fulfilling the statutory prerequisites for receipt of a registered pharmacist's certificate. As previously noted, one such prerequisite is the receipt of a degree from a college of pharmacy. In this connection we find it significant that petitioner, as a registered pharmacist, may now lawfully operate his own pharmacy whereas in the capacity of intern pharmacist he was without authority to fill a single prescription absent the supervision of a registered pharmacist. The common sense of the matter is that petitioner's education and internship were part of an integrated plan which was designed to and which did lead to his qualification as a registered pharmacist. In this respect petitioner's situation is not unlike that of a candidate for a Doctor of Philosophy degree who is also a teaching fellow. While such candidate's graduate education is clearly beneficial to his teaching skills, both his education and his teaching duties constitute a single program of study qualifying *57 the candidate for a new trade or business thereby rendering his educational expenses nondeductible. Arthur M. Jungreis,55 T.C. 581 (1970). In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. Cal. Bus. & Prof. Code↩ sec. 4085 (West 1974).
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
3. We have previously upheld the validity of this regulation and petitioner has not contested the validity of its application to the facts presented herein. See Ronald F. Weiszmann,52 T.C. 1106 (1969), affd. 443 F. 2d 29↩ (9th Cir. 1971).