MARIE MAMEDALIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mamedalin v. Commissioner
Docket No. 9699-75.
United States Tax Court
T.C. Memo 1978-3; 1978 Tax Ct. Memo LEXIS 513; 37 T.C.M. (CCH) 5; T.C.M. (RIA) 780003; January 3, 1978, Filed Marie Mamedalin, pro se. Hector C. Perez, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $152 in petitioner's Federal income tax for the year 1972. Some adjustments have been conceded by the petitioner. The only issue for decision is whether expenditures incurred in 1972 by Marie Mamedalin in pursuing English graduate studies are deductible as ordinary and necessary expenses paid or incurred in carrying *514 on a trade or business within the purview of section 162, Internal Revenue Code of 1954. [1]
The facts are fully stipulated and are so found. The pertinent facts are summarized below. Petitioner Marie Mamedalin (formerly Marie E. Cicconi) resided in Huntington Beach, California, when she filed her petition in this case. She filed her Federal income tax return for 1972 with the Internal Revenue Service Center at Fresno, California. Petitioner graduated from the University of California at Berkeley with a Bachelor of Arts degree in English in 1966. During the period from 1966 to 1971 her activities were varied and included, among other things, two quarters of graduate work at the University of California at Berkeley; several clerical positions; and employment as a social worker for 8 months in 1968 and 1969. At no time during such period did the petitioner teach English or engage in any other teaching activities. Petitioner applied and was admitted to the graduate division of the University of California at Los Angeles *515 (hereinafter UCLA) in the English Department for the Spring Quarter of 1971. At that time her intention was to obtain a Ph.D. degree as a preliminary step toward teaching English on the university level. She applied for a California State Scholarship Commission Fellowship to finance her graduate training, but her application was denied on the basis of lack of available fellowship funds. Consequently, she was required to pay for her own living and graduate course expenses. During her first quarter at UCLA she paid these expenses by drawing upon her savings. In August 1971, however, she obtained a position as a senior typist-clerk with the UCLA Department of Pathology. Such employment, which provided petitioner with her total earnings in 1972, continued until September 1973. Her enrollment at UCLA apparently also ended at that time. She did not complete her doctoral studies or obtain employment as an English teacher.
On her 1972 Federal income tax return, petitioner deducted the amount of $1,390 [2] as an education expense incurred in that year. Respondent disallowed the deduction on the ground that such amount constituted nondeductible education expenses under section 1.162-5(b), *516 Income Tax Regs., since petitioner's graduate studies in English would qualify her for a new trade or business. We agree with the respondent. [3] Petitioner's claimed education expense deduction is governed by section 1.162-5, Income Tax Regs., which provides in pertinent part as follows: Sec. 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or *517 other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In General. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * *
(3) Qualification for new trade or business. (i) The second category of non-deductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case *518 of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science). (c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal. We have previously upheld the validity of this regulation. See Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. 443 F. 2d 29 (9th Cir. 1971). In this case the facts plainly demonstrate that petitioner's claimed expenditures *519 were incurred for the purpose of meeting the minimum educational requirements for qualification as an English teacher. At no time did she teach English on any level.Her intention upon entering UCLA was to earn a doctoral degree so that she might obtain a university level teaching position in English. Moreover, her employment experience, both before and after her matriculation at UCLA, indicates that her trade or business was of a clerical, rather than an academic, nature. Under the circumstances, even if petitioner had completed her doctoral program and obtained a teaching position in English, the expenses she incurred in 1972 would still be nondeductible. The expenses were not made by the petitioner to improve or maintain skills required by her in her employment or other trade or business. The totality of the facts reveals a continuing pattern of a person who was simply fulfilling her general educational aspirations for personal purposes. Such a personal expenditure is nondeductible under section 262. Petitioner's stipulation on the basic issue serves to dramatize the main thrust of her position that section 162 discriminates against her as a self-supported student. Her discrimination *520 arguments, which are set forth in two memorandum briefs, can be summarized as follows: (1) An educational expense, whether it qualifies one for a better job or maintains a present one, is a cost of getting income.(2) Self-supported students who are forced to finance their college educations by working invest time and money with a diminished chance of return in terms of academic degrees and job placement, and therefore the education expense regulations "help sustain this vicious cycle." (3) Self-supported students who have to compromise their studies by working receive none of the tax advantages accorded to tax exempt educational institutions whose raison d'etre is the delivery of education to their students. (4) Grant-supported students are awarded grants on the presumption that they would be unable to complete their education without tax-free financial assistance. In other words, petitioner contends that there is inherent "discrimination" against self-supported students vis-a-vis fellowship recipients who, under certain circumstances, may exclude amounts received as fellowships pursuant to section 117 of the Code. We recognize that grant-supported students are in a favored position. *521 Congress has so provided in section 117. In an economic or tax sense there is some degree of "discrimination" against self-supported students. Petitioner has pointed out the inequities by various examples in her memorandum brief. However, it is well settled that deductions are matters of legislative grace, New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934), and Congress has not provided for an educational expense deduction where a person is engaged in college studies in order to meet the minimum educational requirements for qualification in a trade or business. Petitioner's arguments to this Court are misdirected. They should be addressed to Congress which writes the tax statutes. The Internal Revenue Code is plainly laden with inequities and preferences. But it is this Court's function to interpret the statute and regulations so as to promote and effectuate the disclosed intent of Congress. We have done so here. Accordingly, we hold that the expenses incurred by petitioner during 1972 in connection with her graduate studies in English at UCLA are not deductible as ordinary and necessary expenses in carrying on her trade or business within the intendment *522 of section 162 and the applicable regulations. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Petitioner arrived at the claimed sum by estimating her expenses incurred for tuition, books, and transportation in 1972. Subsequently, however, she claimed an increased deduction in the amount of $2,540 based on an estimated schedule of student expenses for an academic year appearing in the UCLA GeneralCatalogue↩. Respondent raised no issue of substantiation with respect to the amount stated on the return.
3. In paragraph 19 of the Stipulation of Facts the petitioner "agrees that expenses incurred in connection with her education in 1972 are not deductible under § 162; however, petitioner contends that § 162↩ discriminates against her as a self-supported student."