JOHN D. HOGUE AND VERONICA HOGUE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hogue v. Commissioner
Docket No. 8708-76.
United States Tax Court
T.C. Memo 1978-17; 1978 Tax Ct. Memo LEXIS 494; 37 T.C.M. (CCH) 126; T.C.M. (RIA) 780017; January 18, 1978, Filed John D. Hogue, pro se. John W. Harris, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $292 in petitioners' Federal income tax for the year 1974. The only issue presented for decision is whether petitioner John D. Hogue is entitled to deduct educational expenses of $1,632 in obtaining a master's degree in hospital administration. FINDINGS OF FACT Some of the facts are stipulated and are so found. John D. Hogue and Veronica Hogue were legal residents of Lynwood, California, when they filed their petition in this proceeding. They filed their Federal income tax return for 1974 with the Internal Revenue Service Center at Fresno, California. John D. Hogue *495 (petitioner) graduated in January 1972 from California State University, Long Beach, with a bachelor of science degree in microbiology. From September 1972 through August 1973 the petitioner was employed as an orderly and ward clerk at the Long Beach Medical Center, Long Beach, California. As an orderly he transported patients in the emergency and recovery rooms and worked with the nursing staff. As a ward clerk he performed general clerical duties by preparing, compiling, and maintaining records in a hospital nursing unit; he also did some escorting of patients and received complaints and transmitted them to responsible parties. The minimum educational requirement for such a position is high school graduation or equivalent. No previous experience is required. From September 1973 to August 1974 the petitioner attended George Washington University in Washington, D.C., in pursuit of a master's degree in hospital administration. This was a two-year program which required the petitioner to fulfill a one year hospital residency. Therefore, from September 1974 to August 1975 the petitioner served as Administrative Resident on the hospital administrative staff at Donald N. Sharp Memorial *496 Community Hospital in San Diego, California. Upon the completion of the master's program the petitioner was employed in September 1975 as an Administrative Assistant with Hospital Services of San Diego, Inc., which performs group purchasing and shared services for hospitals in the San Diego area. Later he was employed as an Administrative Assistant to the Director of Operations for National Medical Enterprises, a proprietary hospital chain. Petitioner is presently employed as Administrative Assistant by Doctors Hospital, Montclair, California. An administrative assistant at a hospital, such as Sharp Memorial, works on specific projects assigned by the hospital administrator relative to the total hospital operation, or specific patient services, in order to provide information for evaluation and revision of regulations, procedures and practices. The minimum educational requirements for a hospital administrative assistant are graduation from an accredited college, university, medical school, or school of nursing and preferably a master's degree in hospital administration. The salary of an administrative assistant is higher than that of an orderly or ward clerk, although each *497 participates in the health care delivery system of a hospital. OPINION Section 162(a), Internal Revenue Code of 1954, provides for the deduction of the ordinary and necessary expenses paid or incurred in carrying on a trade or business. While that section does not deal directly with education expenses, the deductibility of such expenses is governed by section 1.162-5, Income Tax Regs., which provides in pertinent part as follows: § 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate *498 of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of his paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. The minimum education necessary to qualify for a position or other trade or business must be determined from a consideration of such factors as the requirements of the employer, the applicable law and regulations, and the standards of the profession, trade, or business involved. *499 * * * * * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. * * * We have previously upheld the validity of this regulation and petitioner has not contested its application to the facts presented herein. Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. 443 F. 2d 29 (9th Cir. 1971). Petitioner contends that his graduate education in hospital administration improved his skills germane to his employment as an orderly and ward clerk. He argues that his studies at George Washington University and his residency at Sharp Memorial Community Hospital did not qualify him to pursue a new trade or business, and that the expenses he incurred in such training are deductible. *500 To the contrary, respondent contends that these educational expenses were incurred to qualify and prepare the petitioner for a new trade or business, that of a hospital administrative assistant, primarily because of the wide disparity between the scope of duties performed by an orderly or ward clerk and a hospital administrative assistant. We agree with the respondent. We think it is obvious that petitioner's graduate education led to his qualification in a new trade or business. Weiler v. Commissioner,54 T.C. 398 (1970). Employment as an orderly or ward clerk is separate and distinct from that of a hospital administrative assistant. Cf. Grover v. Commissioner,68 T.C. 598, 602 (1977). Our opinion in Glenn v. Commissioner,62 T.C. 270 (1974), is relevant on this point. In the Glenn case we said at page 275: We have not found a substantial case law suggesting criteria for determining when the acquisition of new titles or abilities constitutes the entry into a new trade or business for purposes of section 1.162-5(c)(1), Income Tax Regs. What has been suggested, and we uphold such suggestion as the only commonsense approach *501 to a classification, is that a comparison be made between the types of tasks and activities which the taxpayer was qualified to perform before the acquisition of a particular title or degree, and those which he is qualified to perform afterwards. Ronald F. Weiszmann,52 T.C. 1106, 1110 (1969), affd. 443 F. 2d 29 (C.A. 9, 1971). Where we have found such activities and abilities to be significantly different, we have disallowed an educational expense deduction, based on our finding that there had been qualification for a new trade or business. Ronald F. Weiszmann,supra.
After carefully considering the evidence here in light of the principles set forth in Glenn, we conclude that the trade or business of an orderly ward clerk and an administrative assistant are significantly different. Mr. Charles K. Gudgell, the personnel director of the Donald N. Sharp Memorial Community Hospital, testified that there is a wide chasm between the responsibilities and duties of a ward clerk and an administrative assistant, and the petitioner could only bridge the gap by fulfilling the additional minimum educational and training requirements *502 for the position of administrative assistant. The common sense of this matter is that petitioner's graduate education and residency were part and parcel of an integrated plan which was designed and led to his qualification as a hospital administrative assistant. See and compare Davis v. Commissioner,65 T.C. 1014 (1976); Jungreis v. Commissioner,55 T.C. 581 (1970). Decision will be entered for the respondent.