BRUCE A. JOSEPHS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Josephs v. Commissioner
Docket No. 3918-77.
United States Tax Court
T.C. Memo 1979-371; 1979 Tax Ct. Memo LEXIS 156; 39 T.C.M. (CCH) 138; T.C.M. (RIA) 79371; September 11, 1979, Filed Bruce A. Josephs, pro se. Ronald E. Friedman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court. [1] The Court agrees with and adopts *157 the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1973 in the amount of $246. The issue is whether petitioner is entitled to a business expense deduction under section 162(a) [2] for education expenses incurred by him in 1973 in the amount of $1,966. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. Petitioner was a resident of Brooklyn, New York at the time the petition herein was filed. Petitioner was hired by American Electric Power Service Corporation (hereinafter American Electric) in January 1969 in the position of "Technician - Engineering" and, except for a leave of absence from October 1972 to June 1973, he has worked in the steam generating section of American Electric from January 1969 to the present *158 time. Petitioner's annual salary as of December 1973 was $9,200. In January 1974 he was promoted to the position of "Senior Technician - Engineering" at an annual salary of $10,300. The education requirement for this position was a high school diploma plus three years of engineering college or equivalent. In general, an individual in the position of "Senior Technician - Engineering" performed the same type of work, but with added responsibilities, as an individual in the position of "Technician - Engineering." Under the supervision of superiors, an individual in the position of "Senior Technician - Engineering" designed the arrangement of equipment, prepared sketches and diagrams, compiled and calculated data, prepared purchase orders and operating notes, edited technical data, maintained technical files and operated various computing machines. In June 1974 petitioner received a Bachelor of Engineering Degre ein Mechanical Engineering from the New York University School of Engineering and Science. Upon receiving his engineering degree petitioner was promoted to the position of assistant engineer with an annual salary of $13,800. A degree in engineering was the education *159 requirement for this position. An individual in the position of assistant engineer applied the principles of mechanical engineering to steam generators of all types in the system, assisted other engineers in his section with design and maintenance problems and carried out other duties as authorized by the section head. During the year 1973 petitioner incurred expenditures with respect to his engineering courses at New York Uniersity in the amount of $1,966 which he claimed as a deduction on his 1973 income tax return. Respondent disallowed the deduction. OPINION Section 162 allows a deduction for ordinary and necessary business expenses. Section 1.162-5, Income Tax Regs., which concerns the qualification of education expenses as ordinary and necessary business expenses, allows a deduction when the education maintains or improves skills required by the individual in his employment or meets the express requirements of his employer. Two specific nondeductible categories of education expenses are (1) expenditures made by an individual to meet the minimum educational requirements for qualification in his employment or other trade or business and (2) expenditures made by an individual *160 in a program of study which will lead to qualifying him in a new trade or business. Sections 1.162-5(b)(2)(i) and 1.162-5(b)(3)(i), Income Tax Regs. These regulations have previously been found valid. Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). We believe that petitioner's expenditures for education fall into both of the nondeductible categories outlined above. Petitioner was promoted by his employer to the position of assistant manager at a significant increase in salary after petitioner obtained his engineering degree in 1974. It is undisputed that the minimum educational requirement imposed by petitioner's employer for the position of assistant manager was a college degre in engineering. It is clear that the minimum requirements are the requirements of a particular employer for a particular job. See Davis v. Commissioner,65 T.C. 1014, 1020 (1976). With respect to the second nondeductible category, i.e., educational expenses which qualify an individual in a new trade or business, it appears that petitioner's engineering degree qualified him to take the examination to become a *161 certified professional engineer in the State of New York, clearly a new trade or business within the meaning of the regulations. [3] See Weiszmann v. Commissioner,supra, at page 1111. It is immaterial that petitioner did not apply for such certification. We must conclude on the basis of this record that the education expenses incurred by petitioner in 1973 do not qualify as business expenses under section 162 but, instead, are nondeductible personal expenses under section 262. Decision will be entered for the respondent.
Footnotes
1. Pursuant to General Order No. 6 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. We have considered petitioner's testimony that he studied some engineering in his native Jamaica and that he was gainfully employed there in the "engineering trade" since the early 1960's. Even if petitioner was in fact engaged previously in some aspects of the "engineering trade" the crucial fact remains that his engineering degree in 1974 qualified him for the first time to enter the new profession of certified engineer in the State of New York.↩