JACK L. URETSKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Uretsky v. Commissioner
Docket No. 1674-78.
United States Tax Court
T.C. Memo 1979-401; 1979 Tax Ct. Memo LEXIS 121; 39 T.C.M. (CCH) 259; T.C.M. (RIA) 79401; September 25, 1979, Filed Larry M. Johnson, for the respondent. DAWSON; PETERSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Marvin F. Peterson for hearing and disposition of respondent's motion for summary judgment pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended. The Court approves and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court on petitioner's motion to strike respondent's motion for summary judgment and enter a judgment on the pleadings for petitioner and respondent's *122 motion for summary judgment which was heard at the Motions Session on August 22, 1979. There was no appearance by or on behalf of petitioner. Respondent appeared by his counsel and argued in support of his motion. The Court took the motions under advisement. Respondent determined a deficiency in petitioner's 1974 and 1975 Federal income taxes in the amounts of $469.72 and $448.33, respectively. Since the parties have settled certain adjustments set forth in the statutory notice of deficiency, the only issue before the Court for each of the years involved is whether petitioner is entitled to a deduction for educational expenses incurred while attending law school. Respondent's motion for judgment included an affidavit setting forth facts not contained in the pleadings. In response to respondent's motion for summary judgment, petitioner filed a written response opposing respondent's motion for summary judgment, and, in addition, moved for a judgment on the pleadings under Rule 120. However, since respondent has filed an affidavit setting forth facts outside the pleadings, petitioner's motion for judgment on the pleadings shall be treated as a motion for summary judgment pursuant *123 to Rule 120(b). Based on the facts set forth in the pleadings and respondent's affidavit there is no genuine issue as to any material facts in this case. Accordingly, this Court may decide the case as a matter of law under Rule 121(b). Petitioner was a resident of Hinsdale, Illinois, at the time the petition was filed herein. Petitioner received a Ph.D. in mathematical physics in June, 1956. During the early 1960's petitioner commenced employment as a physicist at Argonne National Laboratory, Argonne, Illinois. Petitioner was a consultant in fields of physics, mathematical analysis and data collection. In September, 1972, petitioner terminated his employment at Argonne National Laboratory and entered the University of Chicago Law School, an accredited law school, as a full-time student. In December, 1973, petitioner was employed by a Chicago law firm as a part-time computer consultant and law clerk. Petitioner graduated from law school in June, 1975. During July, 1975, petitioner successfully passed the bar examination conducted by the Board of Law Examiners of the State of Illinois and was admitted to practice law in the State of Illinois. After qualifying to practice *124 law in the State of Illinois, petitioner was employed on the staff of the Public Defender of Cook County, Illinois, and has since been practicing law in Illinois. Respondent disallowed petitioner's expenditures incurred for law school tuition, textbooks, and dormitory fees for the taxable years 1974 and 1975 in the amounts of $2527 and $2251, respectively. For the purpose of his motion, respondent relies solely on the ground that educational expenses are not deductible since the expenses were incurred for a course of study which would lead to qualifying petitioner in a new trade or business. There is no dispute between the parties that the expenditures incurred were for law school courses which were necessary to meet the minimum educational requirements to practice law in the State of Illinois under Rule 703(b), Illinois Supreme Court Rules. Petitioner's main thrust in his response to respondent's motion for summary judgment is that respondent did not admit all of the material facts set forth in the petition at the time he filed his answer citing Rule 36. Although respondent did not admit all material facts in his answer, [1] these facts were admitted at the time his motion *125 for summary judgment was filed. Rule 121 is available to the parties whenever there is no genuine issue of a material fact. Rule 121(c) specifically provides that the adverse party mst respond to the motion for summary judgment by setting forth specific facts showing there is a genuine issue for trial. Since petitioner does not dispute the truth of the material facts alleged by respondent in his motion for summary judgment the case is properly before the Court for a decision on the merits. Petitioner's position on the merits is that he needed legal expertise in order to expand his consulting activities in criminal justice matters and in other legal areas, and, as such, the expenses incurred in attending law school are deductible. We disagree with petitioner's contention Section 1.162-5(b)(3)(i), Income Tax Regs, specifically denies a deduction for expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. Clearly, the expenses *126 petitioner incurred in attending law school at the University of Chicago fall squarely within the ambit of the regulations. Further, these regulations have been determined to be valid. Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). On this basis petitioner's deduction for educational expenses must be disallowed. Accordingly, respondent's motion for summary judgment is granted and, An appropriate order and decision will be entered.
Footnotes
1. Respondent denied these facts based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations.↩