JON AND CAROLYN ARBAUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arbaugh v. Commissioner
Docket No. 6693-91
United States Tax Court
T.C. Memo 1992-565; 1992 Tax Ct. Memo LEXIS 594; 64 T.C.M. (CCH) 880; T.C.M. (RIA) 92565; September 24, 1992, Filed Decision will be entered under Rule 155.
Jon Arbaugh, pro se. Janice D. Newell, for respondent. NAMEROFF, Special Trial Judge
NAMEROFF
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined a deficiency of $ 2,107 in petitioners' 1987 Federal income tax. After concessions by the parties, the sole issue for decision is whether petitioners are entitled to a deduction of $ 4,388 for law school expenses incurred by Jon Arbaugh (hereafter petitioner when used in the singular) in 1987. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners resided in Chino, California. Petitioners bear the burden *595 of showing respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner has a Bachelor of Arts degree from California State University at Fullerton in communications. Since 1977, petitioner has primarily worked for various insurance companies as either a claims supervisor or hearing representative. During the year at issue, he was a hearing representative for Chubbs & Sons of Los Angeles. As such, he represented Chubbs & Sons in workers' compensation hearings held in administrative law courts. Petitioner was not required to be an attorney to appear in such courts. Petitioner believed that it would be of value to him in his capacity as a hearing representative to enroll in some selected law courses, such as Evidence, Torts, and Workers' Compensation. However, Western State University Law School (Western State), the school most convenient to his place of employment, required petitioner to enroll as a degree candidate in a required course of study. In September 1985, petitioner enrolled as an evening student in the degree program at Western State. Petitioner was required to complete the required courses *596 before being permitted to take electives, such as workers' compensation. Prior to 1987, petitioner was reimbursed for his law school expenses by his previous employer, Insurance Company of North America. In 1989, petitioner received a juris doctor degree from Western State. Although petitioner is not admitted to practice in any State, he has, however, taken the California bar examination on three occasions. Petitioner contends that he is permitted to deduct the claimed expenses incurred in attending law school because the courses directly relate to and enhance his skills in the performance of his employment. Petitioner testified that a knowledge of law is both necessary and helpful in his occupation as a hearing representative. He also contends that the law school courses did not qualify him for a new trade or business, as he was already engaged in the "practice of law" as a hearing representative prior to enrolling in law school. We disagree. Section 162 allows a deduction for ordinary and necessary business expenses. Section 1.162-5, Income Tax Regs., sets forth the objective guidelines for determining those educational expenses incident to a taxpayer's trade or business *597 which are deductible. The regulations provide as follows: Sec. 1.162-5. Expenses for education. * * * (b) Nondeductible educational expenditures - (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * * (3) Qualification for new trade or business. - (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * * Examples (1) and (2) of Section 1.162-5(b)(3), Income Tax Regs. illustrate this rule: Example (1). A, a self-employed individual practicing a profession other than law, *598 for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. Pursuant to the regulations, law school expenses constitute nondeductible personal expenses regardless of the taxpayer's primary motive in pursuing such studies and regardless of whether such education improves or helps maintain the taxpayer's skills in his business or profession, because the course of study qualifies the taxpayer for a new trade or business. Melnik v. United States, 521 F.2d 1065 (9th Cir. 1975); *599 Weiszmann v. Commissioner, 443 F.2d 29 (9th Cir. 1971), affg. 52 T.C. 1106 (1969); Johnston v. Commissioner, T.C. Memo. 1978-257. Petitioner contends that since, as a hearing representative, he "practiced law in an administrative forum", the law school course did not qualify him for a new trade or business. Although petitioner's trade or business as a hearing representative involved skills associated with the practice of law, it is well settled that the exercise of legal skills by professionals constitutes a trade or business separate and distinct from the practice of law. Thus, for example, in Cameron v. United States, 44 AFTR2d 79-5478, 79-2 USTC par. 9477 (C.D. Cal. 1979) (an administrative law judge); McDermott v. Commissioner, T.C. Memo. 1977-31 (a claims representative in the legal department of an insurance company); Augen v. Commissioner, T.C. Memo. 1974-231 (an insurance claims adjuster) each of the taxpayers was not entitled to deduct expenses incurred in attending law school, *600 as such training qualified them for a new trade or business. Petitioner, by attending law school and obtaining a juris doctor degree, became entitled to seek admission to the bar, as he did, and thereby enter the general practice of law. Thus, petitioner's law school studies were part of a program which qualified him for a new trade or business. Accordingly, we sustain respondent's determination. To reflect the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩