GEORGE H. and MARGARITA B. DINSMORE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dinsmore v. Commissioner
Docket No. 2215-75.
United States Tax Court
T.C. Memo 1977-248; 1977 Tax Ct. Memo LEXIS 193; 36 T.C.M. (CCH) 1008; T.C.M. (RIA) 770248; July 28, 1977, Filed George H. Dinsmore, pro se. Jeffrey C. Kahn, for the respondent. *194 FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $980.50 in petitioners' Federal income tax for 1972. Concessions having been made, the sole issue for decision is whether George H. Dinsmore (hereinafter referred to as petitioner) may deduct under section 162(a) [1] or section 212 expenses incurred in obtaining a law school education. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. At the time of filing the petition herein, George H. and Margarita B. Dinsmore, husband and wife, resided in Rolling Hills Estate, California. The couple timely filed a joint Federal income tax return for 1972 with the Internal Revenue Service Center in Ogden, Utah. In 1954 George H. Dinsmore received his bachelor of science degree from Queens College. Continuing his education, he completed the requirements necessary to obtain his master's degree from Princeton in 1956. Sometime thereafter petitioner accepted employment with TRW Systems, Inc. (hereinafter TRW), in Redondo Beach, California. *195 After several years at TRW, petitioner was promoted to assistant project manager and has since retained that position during all times relevant herein. As assistant project manager, petitioner was responsible for the supervision and technical guidance of as many as 30 employees. The technical aspects of petitioner's position, and that of the employees under his supervision, involved the design, development, fabrication, testing, and evaluation of computer based systems. Additional duties included negotiating with other assistant project managers and customers or potential customers of his employer. In his supervisory capacity, petitioner performed tasks of hiring, firing, and resolving disputes between employees. In September 1969 petitioner entered the night division of Loyola University of Los Angeles School of Law as a degree candidate. This undertaking substantially coincided with petitioner's promotion to assistant project manager. While petitioner held the belief that a legal education would further prepare him for the increased responsibilities attendant with his promotion, he was not required by TRW to attend law school. During the spring, summer, and fall semesters *196 of 1972 petitioner took the following courses: Procedure and Practice, Business and Tax Planning, Economic and Social Policy, Medico-Legal, Patent Law, Admiralty Law, Commercial Leasing, Criminal Practice and Procedure, Labor Law, and Trusts. Petitioner received the degree of Juris Doctor from Loyola University in June of 1973. Following graduation from law school and successful completion of the California bar examination, petitioner was admitted to the State of California Bar in 1973. Since his admission to the Bar, petitioner has represented at least a dozen clients for a fee. In 1972 petitioner incurred and claimed as a deduction on his Federal income tax return, the following educational expenditures: Type of Expense
Amount
Tuition, Loyola University
Law School
$ 1,404.50
California State Bar
Examination Fee
75.00
Bar Review Course
185.00
Books
158.39
Transportation Expenses
855.60
OPINION Petitioner seeks to deduct the educational expenses of attending law school incurred by him in 1972. In support of his position, petitioner makes several arguments the first of which is that the expenses are deductible under section 162(a) which allows *197 "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." The pertinent regulations under section 162(a) generally allow a deduction if the education maintains or improves employment skills or meets the express requirements of a taxpayer's employer. Section 1.162-5(a), Income Tax Regs.
Petitioner here contends the evidence presented clearly shows that his course of study upgraded his capabilities as a project manager. It is his belief that the sum of this fact, plus a finding that his "primary purpose" for incurring the expenses was not to become a lawyer, equals a deductible expense under section 162(a). [2]
*198 Assuming arguendo that the law school courses taken by petitioner enhanced his skills as a project manager, we must nevertheless hold against him on this issue. An exception to the general rule relied upon by petitioner is found in regulation section 1.162-5(b)(3) which provides that if a course of study undertaken by a taxpayer prepares him for a new trade or business then, regardless of his motives for pursuing it and regardless of whether it maintains or improves his employment skills, the expenses related thereto are not deductible under section 162(a). Bodley v. Commissioner,56 T.C. 1357 (1971). Thus, we hold that petitioner's educational expenditures resulted in his qualification for a new trade or business, viz., that of an attorney, and are therefore not deductible under section 162(a). Attempting to circumvent this regulation, petitioner argues that it was the successful completion of a bar exam, and not his law school education, which qualified him for a new trade or business. Therefore, with respect to his law school expenses, petitioner asks us to find him outside the "new trade or business" exception to the general rule. We find the argument constitutes *199 too narrow a reading of respondent's regulation and, for that reason, wholly unpersuasive. See section 1.162-5(b)(3)(ii), examples 1 and 2, Income Tax Regs.
Petitioner's next argument is that if his educational expenses are not deductible under section 162(a), they are, nonetheless, deductible under section 212(3). Specifically, he maintains that the expenses of his legal training were "ordinary and necessary expenses paid or incurred * * * in connection with the determination, collection, or refund of any tax." He contends that the expenses incurred in the "determination, collection, or refund of any tax" include any legal expenses incurred in contesting a deficiency. From this, petitioner concludes that his "in propria personam" appearance in this case is proof "that [his] training was used in contesting a deficiency and thus the expenses associated with that training were incurred in such contest" and therefore deductible. We recognize that expenses incurred in contesting a deficiency, if ordinary and necessary, fall within the purview of section 212(3). See Trust of Bingham v. Commissioner,325 U.S. 365 (1945). However, petitioner's educational expenses *200 were not incurred in the contest of this deficiency; rather they were expended in his quest for a law degree and represent nondeductible personal expenses under section 262. See section 1.262-1(b)(9). Accordingly, petitioner may not deduct the claimed expenses under section 212. [3]
Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. To prove this equation, he proffers several cases: Lamb v. Commissioner,390 F.2d 157 (2d Cir. 1968); Marlor v. Commissioner,251 F.2d 615 (2d Cir. 1958); Welsh v. United States,329 F.2d 145 (6th Cir. 1964). Unfortunately for petitioner, the cases upon which he relies arose under respondent's regulations in effect prior to 1968. Those regulations called for an inquiry into a taxpayer's motives for securing an education leading to qualification in a new trade or business. In 1968 new regulations became effective replacing this subjective test with an objective one which governs the disposition of this case. See sec. 1.162-5(b)(3), Income Tax Regs.Weiler v. Commissioner,54 T.C. 398↩ (1970).
3. It is difficult to deduce from petitioner's brief whether or not he is also arguing the deductibility of his educational expenses under section 212(1). In any event, we will treat it as petitioner's third contention and find it lacking merit. See Wright v. Commissioner,T.C. Memo. 1973-8↩.