VELMA ARCHIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Archie v. Commissioner
Docket No. 7791-76.
United States Tax Court
T.C. Memo 1978-425; 1978 Tax Ct. Memo LEXIS 87; 37 T.C.M. (CCH) 1759; T.C.M. (RIA) 78425; October 26, 1978, Filed Velma Archie, pro se. Virginia C. Schmid, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year *88 1973 in the amount of $ 157.92. Concessions having been made, the sole issue for decision is whether petitioner is entitled to deduct the cost of a CPA review course and books used in said course as an educational expense pursuant to section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner Velma Archie was not married during 1973 and timely filed her Federal income tax return for 1973 with the Internal Revenue Service Center, Kansas City, Missouri. Petitioner resided in Chicago, Illinois, at the time she filed her petition in this proceeding. Petitioner is an accountant, having graduated from the University of Illinois in 1973 with a degree in accounting. Except for a brief period of time, petitioner has been employed as a general accountant by the United States General Accounting Office (hereinafter GAO), Chicago Regional Office, since her graduation. Her *89 duties have consisted of performing program proficiency and management type audits on firms, organizations, or Government entities that receive Government funds. The purpose of these audits is to inform Congress about the operation of the programs. Petitioner has been promoted several times since 1973, and she now has some supervisory authority in addition to the duties described above. The regional manager of GAO, Gilbert F. Stromvall, sent out a letter to all its employees indicating that GAO strongly encourages professional development for all employees. Specifically encompassed within the term professional development are efforts by accountants to get their CPA certificates and non-accountants to obtain Certified Internal Auditor's certificates. In a newsletter of the Chicago Regional Office of GAO, Gilbert F. Stromvall included a column in which he again stressed the importance of professional development. In a memorandum, the Assistant Comptroller General of GAO, Thomas D. Morris, also indicated the importance of professional development to advancement to higher grade levels. Petitioner attended the Becker CPA review course from June through November 1973. She completed *90 and passed the CPA examination on her first and only attempt in May 1974. It is GAO's general practice to reimburse its employees up to $ 300 for the review course. In this instance, however, petitioner was not reimbursed because she had selected the review course before applying for reimbursement. On her 1973 Federal income tax return, petitioner claimed an itemized deduction in the amount of $ 525 as an educational expense.The $ 525 consisted of the $ 450 cost of the Becker CPA Review Course and $ 75 for books used in said course. By a timely notice of deficiency dated June 21, 1976, the respondent disallowed the claimed deduction. OPINION Petitioner, an accountant with the United States General Accounting Office in Chicago, Illinois, attended the Becker CPA Review Course between June and November of 1973. In May 1974 petitioner took the CPA examination and passed it. On her Federal income tax return, petitioner deducted the cost of the course and books, $ 525, as an expense for education pursuant to section 162. Respondent disallowed the deduction. The sole issue for decision is whether petitioner is entitled to deduct these costs as educational expenses pursuant *91 to section 162. Section 162(a) permits the deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." As to educational expenses, section 1.162-5(a), Income Tax Regs., provides: SEC. 1.162-5 Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. *92 Section 1.162-5(b)(3) Income Tax Regs., however, provides an exception to the general rule of deductibility of educational expenses: (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment.* * * We have previously upheld the validity of the regulation and petitioner has not contested its application to the facts involved herein. Weiszmann v. Commissioner,52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). Petitioner contends, however, that the CPA review course was recommended by her supervisor at the GAO and was taken for professional development and advancement in her job rather than for qualifying for another profession. *93 She argues that although the acquisition of her CPA certificate might qualify her for another profession, i.e., that of a CPA, she never intended to practice as a CPA. Petitioner thus concludes that the expenses she incurred in preparation for the CPA examination are deductible. Conversely, respondent takes the position that the educational expenses of the CPA review course were incurred by the petitioner as part of a program of study leading to qualification for a new trade or business, that of a certified public accountant. He thus concludes that the expenses fall within the prohibition of section 1.162-5(b)(3), Income Tax Regs., and are nondeductible. We agree with respondent. The test of section 1.162-5(b)(3), Income Tax Regs. is whether the educational courses taken will lead to qualification in a new trade or business. As we stated in Glenn v. Commissioner,62 T.C. 270, 275 (1974): We have not found a substantial case law suggesting criteria for determining when the acquisition of new titles or abilities *94 constitutes the entry into a new trade or business for purposes of section 1.162-5(c)(1), Income Tax Regs. What has been suggested, and we uphold such suggestion as the only commonsense approach to a classification, is that a comparison be made between the types of tasks and activities which the taxpayer was qualified to perform before the acquisition of a particular title or degree, and those which he is qualified to perform afterwards. Ronald F. Weiszmann,52 T.C. 1106, 1110 (1969), affd. 443 F.2d 29 (C.A. 9, 1971). Where we have found such activities and abilities to be significantly different, we have disallowed an educational expense deduction, based on our finding that there had been qualification for a new trade or business. Ronald F. Weiszmann,supra.
In Glenn, the petitioner, a public accountant licensed to practice in Tennessee, deducted the cost of a course taken as a review for the CPA examination. After analyzing the differences between the types of tasks and activities which the petitioner was qualified *95 to perform before acquiring CPA status and those which he would have been qualified to perform after acquiring CPA status, we concluded that in Tennessee, the trade or business of a CPA was different than that of a licensed public accountant. First, we found that under Tennessee law, only a CPA can advise and represent taxpayers regarding state and Federal taxes.Second, we found that CPA status in Tennessee indicates a higher level of professional competence than licensed public accountant status. Third, only CPA's were allowed to designate and hold themselves out as CPA's. Based on the foregoing factors we disallowed petitioner's claimed deduction since the course was taken in order to qualify for a new trade or business, that of a CPA. As stated in Glenn,supra, at 277, "the issue of whether or not the acquisition of new skills and abilities constitutes a new trade or business involves, essentially, a factual finding as to the significance of such new capabilities." After examining such capabilities of a CPA in Illinois, we are unable to perceive anything peculiar to Illinois *96 law which will lead us to adopt a result contrary to the one we reached in Glenn. Public accounting in Illinois is governed by the Public Accounting Act of 1943, as amended, Ill. Ann. Stat. ch. 110-1/2, sections 25-54 (Smith-Hurd 1977). In Illinois, persons cannot be registered as public accountants unless they have previously received certification as certified public accountants and have met certain experience requirements. [2] Under Illinois law, therefore there is no public accountant-certified public accountant dichotomy as we encountered under Tennessee law in Glenn; rather all public accountants in Illinois must be CPA's. Public accounting in Illinois is defined as: "(a) [holding *97 oneself] out to the public in any manner as one skilled in the knowledge, science and practice of accounting, and as qualified and ready to render professional service therein as a public accountant for compensation; or (b) [maintaining] an office for the transaction of business as a public accountant; or (c) [offering] to prospective clients to perform for compensation, or [performing] on behalf of clients for compensation, professional services that involve or require an audit, examination, verification, investigation or review of financial transactions and accounting records; or (d) [preparing or certifying] for clients reports or audits or examinations of books or records of account, balance sheets, and other financial, accounting and related schedules, exhibits, statements, or reports which are to be used for credit purposes or are to be filed with a court of law or equity or with any other governmental agency, or for any other purpose; or (e) [rendering] professional assistance to clients for compensation in any or all matters relating to accounting procedure and to the recording, presentation and certification of financial facts or data. [Id. Sec. 32] *98 Illinois law makes it unlawful for a person to perform any of the aforementioned services until that person has been registered as a public accountant by the Illinois Department of Registration and Education. Therefore, in light of the Illinois statutory requirements discussed above, it is obvious that there are a number of tasks that only a public accountant is qualified to perform. Under Illinois law, only through the acquisition of a certificate of public accounting can one attain the status of a public accountant. Thus, the obtaining of a certificate as a CPA clearly is "one step along the path" of entering the trade or business of public accounting. Cf. O'Donnell v. Commissioner,62 T.C. 781, 784 (1974). As an accountant for the GAO, petitioner could perform financial audits on various Federal projects; however, without certification and subsequent registration she could not perform any of the wide spectrum of tasks enumerated under the Illinois statute. Moreover, Federal *99 regulations reserve significant privileges of accounting practice to CPA's. Ordinarily, only attorneys, CPA's and enrolled agents are permitted to practice before the Internal Revenue Service. 31 C.F.R. sec. 10.3 (1971). Thus, prior to her attainment of CPA status, petitioner was not qualified for such practice. After contrasting the types of tasks and activities that petitioner was qualified to perform under Illinois and Federal law as a non-CPA with those that she would be able to perform as a CPA, and giving due weight to our decision in Glenn v. Commissioner,supra, it is clear that she has qualified for a new trade or business. [3]
In fact, the nondeductibility of the educational expenses is clearer in the instant case than in Glenn. The opinion in Glenn points out that in Tennessee there are three categories of accounting: unlicensed accounting, public accounting, *100 and certified public accounting. Petitioner Glenn took the CPA review course with the hope of upgrading himself from the level of licensed public accountant to a certified public accountant. Both a licensed public accountant and a CPA are considered under Tennessee law as practicing public accounting. As a licensed public accountant in Tennessee, Glenn was qualified to perform many of the same services (for a fee or otherwise) that a CPA was qualified to perform. These services include: [Auditing]; devising and installing systems; recording and presentation of financial information or data; compiling tax returns, preparing financial statements, schedules, reports, and exhibits for publication, credit purposes, use in courts of law and equity, and for other purposes. * * * [Tenn. Code Ann. sec. 62-127, as amended Mar. 10, 1965.] Under Illinois law, however, there is one level of public accounting. In order to be a public accountant, as discussed supra, petitioner had to pass the CPA examination and thereafter obtain certification from the state.Until then, petitioner could not hold herself as any type of public accountant nor perform any of the tasks thereof, whereas under *101 Tennessee law, Glenn was able to undertake tasks involving public accounting even without the benefit of certification. Thus, it is obvious that petitioner's educational expenses are not deductible because the education aids her in qualifying for a new profession, that of public accounting. Nevertheless, petitioner insists that in determining whether the CPA certificate qualifies one for a new profession, the taxpayer's intent in pursuing that new profession must be examined. She argues that since she never had any intention of practicing as a CPA outside her present job, she does not qualify for a new trade or business within the meaning of respondent's regulations and hence her expenses of the review course are deductible. Petitioner contends that she took the course merely for her own professional development as her employer recommended. In substantiation of such contention, petitioner produced various letters and memoranda from her exmployers indicating that GAO encourages its employees to become CPA's for their own professional development which is extremely important to advancement in the upper grade levels. In short, petitioner apparently wishes us to construe the "new *102 trade or business" exception of section 1.162-5(b) Income Tax Regs. in a subjective manner. We decline to do so. The regulations provide an objective test for determining the deductibility of an educational expense. Glenn v. Commissioner,62 T.C. 270, 276-277 (1974); Weiler v. Commissioner,54 T.C. 398, 401-402 (1970). Under the test, it is immaterial whether the individual actually engages or desires to engage in the new trade or business. Bodley v. Commissioner,56 T.C. 1357 (1971); Weiszmann v. Commissioner,52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). Indeed, in Glenn v. Commissioner,supra, petitioner also argued that the differences between the tasks qualified to be performed by a CPA and public accountant should be of no significance in determining the deductibility of his expenses of the CPA course since he never intended to leave his present job and would be performing the same tasks for his job with or without the certification. *103 We rejected this contention and stated: While such assertion may be correct, the touchstone of section 1.162-5(c)(1), Income Tax Regs., is only whether or not the education taken will lead to qualification in a new trade or business. Here, as we have found above, the education was directed to so qualify petitioner, and the fact that had he passed the exam, he may not have performed any of the tasks previously not allowed him as a public accountant is simply irrelevant in determining deductibility. See Jeffry L. Weiler, 54 T.C. at 401-402. [Glenn v. Commissioner,supra at 276-277.] As we emphasized in Glenn, an objective test is employed in determining the deductibility of an educational expense. This test focuses on the type of tasks and activities actually performed. See Glenn v. Commissioner,supra;Sharon v. Commissioner,66 T.C. 515, 528 (1976). [4] All we need to ask is whether the education taken will lead to qualification in a new trade or business. After carefully considering the evidence in light of the principles set forth in Glenn, we find that the *104 practice of certified public accounting in Illinois is different than the practice of accounting without the benefit of certification. We also find that the Becker Review Course was taken as part of petitioner's program of study leading to qualification as a certified public accountant in Illinois. Accordingly, the educational expenses incurred by petitioner fall within the prohibition of section 1.162-5(b)(3), Income Tax Regs., and are therefore nondeductible. Decision will be entered *105 under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the period in issue, unless otherwise stated.↩
2. Excepted from these requirements are persons working as employees of accounting firms under the supervision of CPA's, bookkeepers and other business employees and return preparers, and foreign accountants temporarily with the state. Ill. Ann. Stat. ch. 110-1/2, secs. 25-54 (Smith-Hurd 1977).↩
3. See Cooper v. Commissioner,T.C. Memo. 1978-117↩, where we held that an accountant employed by a CPA firm in Idaho was not entitled to deduct the cost of a CPA review course since he would have qualified for a new trade or business.
4. We held in Sharon v. Commissioner,66 TC. 515, (1976) that the cost of a California bar review course is nondeductible since attaining membership in the California bar qualified petitioner for a new trade or business. We also have held that a professor of social work is in a different trade or business than a social caseworker. Davis v. Commissioner,65 T.C. 1014 (1976). A registered pharmacist is in a different trade or business than an intern pharmacist, even though an intern performs many of the same tasks as a registered pharmacist, but under supervision. Antzoulatos v. Commissioner,T.C. Memo. 1975-327↩.